■  In the Matter of DAISY H., a Person Alleged to be in Need of Supervision, Appellant.— Order, Family Court of the State of New York, Bronx County, entered May 18, 1972, which placed appellant at the New York State Training School, reversed, on the law, without costs and without disbursements, and the matter remanded for a hearing.  The Trial Judge must make clear whether he intended to make his findings on the basis of a preponderance of the evidence or on the basis of proof beyond a reasonable doubt.  The order of adjudication in the instant case reads that the finding is " by a preponderance of the evidence ".  The quoted words are printed matter on the form. There is no other statement in the record as to the standard of proof used by the Trial Judge.  Under the circumstances, it is not clear what standard the Trial Judge actually intended to apply.  A determination in a case such as this must rest on proof beyond a reasonable doubt.  (*Matter of Richard S.*, 27 N Y 2d 802.)  In the interim some authorized agency may be found or a child center may be able to make a suitable adjustment for the appellant. (*Matter of Lloyd*, 33 A D 2d 385, 387.)  Concur — McGivern, J. P., Markewich and McNally, JJ.; Murphy and Nunez, JJ., dissent, in part, in the following memorandum by Murphy, J.: Appellant was placed at the New York State Training School pursuant to a fact-finding determination that she was a person in need of supervision.  Appellant's mother was the only witness at the hearing.  She testified she had been divorced from appellant's father, and when he died appellant came to live with her.  She stated that when she spoke to appellant concerning her not obeying, an argument ensued during which appellant was told that she would be sent away if she did not obey.  She testified she struck appellant first and it was then that appellant hit her on the arms.  Appellant then took a bottle and threatened to kill her mother, and the mother then told appellant to get out of the house or she would kill appellant.  The court made its findings that appellant was a person in need of supervision, by a preponderance of the evidence.  This standard was constitutionally improper.  Proof beyond a reasonable doubt is required.  (*Matter of Richard S.*, 27 N Y 2d 802.)  Since nowhere in the record is there reference to the proper standard, I would dismiss the petition (see *Matter of Arthur M.*, 34 A D 2d 761).  The remand to the trial court by the majority will in all probability result in the insertion in the record of the words " beyond a reasonable doubt ", with a subsequent appeal on the merits.  Assuming that disposition (and since the record before us does not warrant placement of appellant in a State training school), the procedure will delay removal of appellant from the State training school, where she does not belong and where she has been since May 18, 1972.  In *Matter of Arlene H.* (38 A D 2d 570) the court wisely stated that " We reject as defeatism, the premise that children in need of supervision, such as appellant, must be confined as quasi criminals [in State training schools] because allegedly there are no viable alternatives ". If, then, I were not voting to dismiss I would remand for a new adjudicatory and dispositional hearing " for the purpose of affording appellant supervision and treatment more suitable to her condition." (*Matter of Stanley M.*, 39 A D 2d 746, 747; see, also, *Matter of Lloyd*, 33 A D 2d 385.)