Nanette Dembitz, J.
Petitioner mother moves for a rehearing of her motion for an order directing respondent father’s payment of her counsel fees in her proceeding for child support. She emphasizes the fact that her primary source of income consists of gifts from her father, who has given her $45,000 to $65,000 a year annually for a number of years. The standard of living petitioner has established for herself and her children depends on such gifts, and she indicates no intention of changing it or moving from a residence maintained by reliance on them. Accordingly, this source of income must be deemed as stable and predictable as income from earnings, investments, or any other source.
Further, a respondent-father’s means have been repeatedly held to include income from all sources; the same reasoning must in the court’s opinion apply to a petitioner-mother’s means. The instant petitioner therefore is far from indigent *549 under the Kann-Winter rule.[1] The difficult question relating to the application for counsel fees is the relevance of the holding in those cases to the instant petition for child support only.
RELEVANCE OF MOTHER’S INCOME TO FEE AWARD
The Kann and Winter decisions indicate that since the award of fees to petitioner’s attorney in a matrimonial case is an exception to the usual rule that parties pay their own counsel, the exception is justifiable only if petitioner wife or ex-wife’s funds are insufficient for counsel fees. Viewing a child-support proceeding pragmatically, the Kann-Winter reasoning seems applicable to it; for child-support payments in fact benefit a petitioner-custodial parent by lessening her (or his) financial burden to provide for the child’s maintenance. And a custodial mother’s interest in a proceeding to enforce payments by a respondent-father is highlighted by the rulings that the mother as well as the father bears an obligation for child support. See prior decision herein (85 Misc 2d 643) and Matter of Maderas v Turner (50 AD2d 770).
That the custodial mother’s resources should be considered in determining a fee award in a child-support proceeding, is indicated by Eisen v Eisen (48 AD2d 652, 653). There, while a primary result was an increase in child support, the counsel fee award nevertheless was based on "the parties’ relative circumstances.” People ex rel. "HH” v “HH” (49 AD2d 130, 133), where a fee award was denied to custodian-mother in a custody proceeding, also appears apposite, despite petitioner’s argument to the contrary. Since a custody award is based on the best interests of the child, it would seem that the legal services of the custodial mother’s attorney were rendered on behalf of children to the same extent as in a child-support proceeding. (Cf. Dravecka v Richard, 267 NY 180, 182.)
On the other hand, impressive precedents view a child-support proceeding as of legal interest only to the children, who are obviously without means to pay counsel. Thus, Gordon v Lipshie (13 NY2d 775, 776) holding that the Family Court Act authorizes an award of counsel fees "in suitable cases” of petitions for child support by a divorced wife, indicates that the proceeding is to be viewed as benefitting the child and that a counsel fee is awarded for the sake of the child. Again, in Matthews v Matthews (18 AD2d 830, 831), the *550 court stated that the legal services in a child-support case are rendered by a custodian-mother’s "attorney to her for the benefit of the children”. And, as petitioner urges, Family Court opinions have taken the view that legal services to a custodian-mother in a child-support case are necessaries for the children for which the father is liable (Matter of Winston v Winston, 84 Misc 2d 60; Kern v Kern, 65 Misc 2d 765). It appears to work too great a departure from these precedents to consider the mother’s resources in relation to her application for counsel fees in a child-support proceeding.
FEE AWARD
Concluding therefore that the award of a counsel fee seems appropriate, the award requested by petitioner of over $10,000 nevertheless cannot be granted. The services of petitioner’s counsel were highly competent, her customary hourly fee is substantial, and she spent many hours on this litigation. Nevertheless, it appears that respondent’s means as revealed at trial were not very much greater than those he asserted pretrial. Thus, petitioner’s counsel was on notice of the possibility that respondent was suffering from reduced means and substantial debts. The court must of course in a fee award take into account respondent’s means. (See e.g., Alwardt v Alwardt, 41 AD2d 592; Sullivan v Sullivan, 55 Misc 2d 691, affd 29 AD2d 739.)
In the court’s discretion, a counsel fee of $950 is awarded forthwith, and if respondent’s income tax return for the year 1975 or 1976 shows a taxable income of $50,000 or over, an additional $3,000 shall be paid within three months of the filing of such return. The court rejects, however, petitioner’s application for an escalating support order dependent on respondent’s increases in income, although it seems true, as she contends, that they are likely to occur. While an escalating order would obviate the occasion for petitioner to apply for upward modifications and would thus promote efficiency, such an order is unfeasible herein because it was indicated at the hearing that petitioner would resume work, her potential earnings are unknown, and she like respondent has an obligation for child support (see prior decision herein, 85 Misc 2d 643).
CONSTITUTIONALITY OF FEE AWARD
The respondent relies on the opinion of the respected Fam-
*551 ily Court Judge, Honorable Shirley Wohl Kram, in Matter of Marcia D. v Donald D. (85 Misc 2d 637), that section 438 of the Family Court Act authorizing fee awards is unconstitutional, and that no fee can be awarded by this court to a wife or ex-wife. The ground for that opinion is that section 438 denies equal protection of the law in that it only provides for fee awards for services to females, making no provision for legal services rendered to husbands or fathers. While a differentiation between males and females in regard to fee awards would be unconstitutional, as Judge Kram points out, this principle need not be deemed to nullify section 438.
The basic legislative intent appears to have been to authorize appropriate fee awards for the benefit of spouses, former spouses, and children. The provision can be construed in accordance with this fundamental purpose to permit the award of a fee for legal services to a male as well as a female, even if the Legislature did not specifically contemplate the economic or legal developments relevant to fee awards on an equal basis for both sexes, or provide for all contingencies. Provisions may be given "a meaning not necessarily envisioned by Congress so as to adapt them to circumstances also uncontemplated by the legislature in order to achieve the legislative policy.” (Welsh v United States, 398 US 333, 347 [Harlan, J., concurring].) Such judicial supplementation is common in the case of statutes that, as written, deny equal protection or due process of law. (See e.g., State ex rel. Lewis v Lutheran Social Servs., 59 Wis 2d 1, 8-9 [extending rights granted to a wed father to unwed fathers to cure denial of equal protection in statute as written].) See also People v Davis (49 AD2d 437, 444) and People v Woods (84 Misc 2d 301, 303) (applying penal law on murder contrary to its terms to conform to due process requirements). Thus, rather than an arrest of proceedings under the Family Court Act, the constitutionally required rule for juvenile delinquency cases of proof beyond a reasonable doubt was read into the act after the United States Supreme Court decision that the provision authorizing a lesser degree of proof is unconstitutional. (See Matter of Daisy H., 40 AD2d 775; Matter of Keith G., 36 AD2d 843; Matter of Ronald H., 35 AD2d 845 [remanding for retrial under reasonable doubt standard].)

. Kann v Kann, 38 AD2d 545; Winter v Winter, 31 NY2d 983, affg 39 AD2d 69, 72.