■ MORTIMER WANDER, Appellant, v WHITE HOUSE FURS, INC., et al., Respondents.—In an action on two promissory notes, commenced by service of a summons and a notice of motion for summary judgment in lieu of a complaint, plaintiff appeals from an order of the Supreme Court, Rockland County, dated June 8, 1976, which denied the motion and directed him to serve a formal complaint. Order affirmed, with $50 costs and disbursements. Plaintiff's time to serve his complaint is extended until 20 days after entry of the order to be made hereon. The affidavits and exhibits submitted by the parties raised the following three factual issues: first, whether defendants Paul Kling and Anthony Pavlides are individually liable on the notes, as their signatures were followed by their representative titles of "VP" and "Sec" (see *Hellawell v Busch & Son,* 248 App Div 737); second, the manner in which interest is to be determined, since the notes made no provision for interest; and third, whether defendant White House Fur Salon, Ltd., is liable (the name of that entity does not appear on the notes). Accordingly, Special Term properly denied plaintiff's motion. Gulotta, P. J., Hopkins, Martuscello and Suozzi, JJ., concur.

■ In the Matter of SOPHIE BARNES, Appellant, v RICHARD K. BARNES, Respondent.—In support proceedings pursuant to article 4 of the Family Court Act, petitioner appeals, on the ground of inadequacy, from so much of an order of the Family Court, Westchester County, dated June 4, 1976, as awarded a counsel fee, but no disbursements, to petitioner's attorney. Order modified, on the law and the facts, by adding thereto a provision directing respondent to pay disbursements in the amount of $262.75 to petitioner's attorney. As so modified, order affirmed insofar as appealed from, with $50 costs and disbursements to petitioner. Section 438 of the Family Court Act does not preclude an award of disbursements to appellant's counsel. Any differentiation between fee awards under the Domestic Relations Law and the Family Court Act would encourage forum shopping between court systems (see *Matter of Audrey D. v Michael O.,* 77 Misc 2d 230). An award of counsel fees must take into consideration ability to pay, plus the nature and extent of those services which are required to deal with the marital dispute, and the reasonableness of their performance under the circumstances. Upon this record the amount awarded as a counsel fee was adequate. Latham, Acting P. J., Margett, Titone and Mollen, JJ., concur.