■ HELEN CACCIOLA, Respondent, v JOSEPH CACCIOLA, Appellant.—In a matrimonial action in which a judgment of separation was granted against the defendant on default on June 3, 1968, he appeals from an order of the Supreme Court, Westchester County, entered April 21, 1978, which denied his motion to vacate said judgment. Order affirmed, without costs or disbursements. Defendant's motion for postjudgment relief was apparently brought pursuant to CPLR 5015 (subd [a]), and as such was required to proceed upon "such notice as the court may direct". No court "direction" was obtained and, as Mr. Justice Silberman correctly observed, the method of notice actually employed was legally insufficient. Hopkins, J. P., Martuscello, Gulotta and Shapiro, JJ., concur.

■ ALLAN S. CARTER, Appellant, v CAROLYN CARTER, Respondent.—In a support proceeding brought pursuant to article 4 of the Family Court Act, the petitioner husband appeals from an order of the Family Court, Rockland County, dated April 1, 1977, which granted the respondent wife's motion for attorney's fees. Order reversed, on the law, without costs or disbursements, and motion denied. Section 438 of the Family Court Act provides: "In any proceeding under this article by a wife or former wife, against her husband, or former husband, including proceedings for herself and her children, or by a person on behalf of children only, or at any hearing to modify or enforce an order entered in that proceeding or a proceeding by a husband or former husband to modify a decree of divorce, separation, or annulment, including an appeal under article ten the court may allow counsel fees at any stage of the proceeding, to the attorney representing the wife, former wife or person on behalf of children." By the terms of the statute, in a support proceeding only a wife or former wife may obtain an award for counsel fees, and only where she initiates the proceeding. Thus two classifications inhere in the statute, a sex-based classification and a litigatory classification. No claim of sex-based discrimination has been presented on this appeal and we offer no opinion as to this classification's effect on the validity of the statute. As to the litigatory classification, there is clearly a rational basis for its inclusion in the statute. The purpose of section 438 is to insure that a person claiming a right to support* and who is likely to be financially hard pressed can obtain the services of an attorney to litigate the matter (cf. *Matter of Reisch v Reisch,* 85 Misc 2d 107). Since the litigatory classification is rationally related to the purpose of the statute it is constitutionally enforceable, and bars respondent's claim for counsel fees in this proceeding. Shapiro, J. P., Cohalan, Margett and O'Connor, JJ., concur.

---

* This would include an individual who is defending an attack against the existing support provisions of a decree of divorce, separation, or annulment.