■ In the *Matter* of MAUREEN GOLDBERG, *Formerly Known as* MAUREEN AYLWARD, Respondent, v JAMES AYLWARD, Appellant.—Order, Family Court, New York County, entered August 12, 1977, *inter alia,* granting increased child support payments from $75 to $150 per week, retroactive to February 17, 1977, and awarding counsel fees of $6,520, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of deleting the provision for retroactivity of increased support and making the award effective with the date of the order; affirming the upward modification but allocating the amount respondent father is directed to pay on a basis of $75 per week for each child, which sum is to include their clothing allowance; and reducing the mother's counsel fee to $5,000, inclusive of disbursements, and allocating the counsel fee equally between the parties; and otherwise affirmed, without costs and without disbursements. In a proceeding to increase child support and to make other modifications of a divorce decree rendered February 23, 1973, petitioner mother, Maureen Goldberg, showed that her former husband's income had increased from $20,500 at the time the divorce decree was entered to $33,000 in 1976, and that the needs of the couple's two children had increased. The trial court found, we believe correctly, that on the basis of change in circumstances and a concomitant showing of need *(Matter of Boden v Boden,* 42 NY2d 210), the level of child support, originally stipulated to by the parties and incorporated into but not merged with the divorce decree granted to the husband, should be increased. The record indicated that the father voluntarily increased his support to approximately the level now ordered by the court, although payments were not made directly to the mother nor consistently in the form of necessaries. However, it is undisputed that such expenditures were indeed made and, therefore, retroactivity would be improvident. Not-

ing that the parties to this proceeding have engaged in protracted acrimonious litigation concerning support, allocation will avoid the necessity of an application for reduction when one of the children becomes emancipated. The allocated amount per child is deemed to include allowance for clothing in accordance with a stipulation entered into by the parties during the proceeding below. By this stipulation, the sixth decretal paragraph of the divorce decree setting forth a separate provision that the father furnish all necessary clothing is deleted. The record indicates unconscionable delays in the hearing occasioned by the manner in which the scheduling was arranged by the Family Court. The failure to conduct the proceeding expeditiously and in accordance with acceptable practice even after repeated protests by counsel for appellant father, should not result in burdening the parties with excessive counsel fees. Nevertheless, we believe an award of counsel fees in the sum of $5,000 is proper. Although section 438 of the Family Court Act permits an award of counsel fees in the court's discretion only to the former wife in such proceedings against her former husband, in seeming violation of the equal protection clause of the Fourteenth Amendment (see *Orr v Orr,* 440 US 268), this provision may be given a construction in accordance with its fundamental purpose to render the section constitutional. *(Carole K. v Arnold K.,* 87 Misc 2d 547; cf. *Matter of Carter v Carter,* 58 AD2d 438.) Thus, after a review of the relative financial circumstances of the parties, including the mother's educational and work history, remarriage and ability to earn a living, and the merits of the case, we have determined that the parties should share equally in the reduced counsel fee. Concur—Kupferman, J. P., Birns, Markewich, Ross and Lynch, JJ.