OPINION OF THE COURT
Lucille Polk Buell, J.
Attorney for petitioner, by affirmation of services dated March 21, 1980, seeks attorney’s fees in the amount of $825 *396 for services rendered in proceedings for a violation of a support order of this court dated April 19, 1979.
Respondent opposes petitioner’s attorney’s application by letter dated March 31, 1980 from Jan Ira Gellis, Esq., which indicates respondent has retained the author as counsel for the purpose of responding to petitioner’s affirmation. Respondent argues that section 438 of the Family Court Act is unconstitutional in light of Orr v Orr (440 US 268) which struck down an Alabama statutory scheme that awarded alimony to wives only as a violation of the equal protection clause of the United States Constitution.
Section 438 provides that counsel fees may be awarded to the attorney representing the wife in any proceeding "for herself and her children, or by a person on behalf of her children only”. The analogous provision of the Domestic Relations Law (§ 237) was held constitutional and was deemed to authorize the payment of counsel fees to either spouse on a needs only basis by substituting the word "spouse” for "wife”. (Childs v Childs, 69 AD2d 406, 420.) The court stated that this expansive reading of the statute was appropriate in order to prevent serious damage to the public policy of encouraging the equitable settlement of matrimonial disputes.
Section 438 of the Family Court Act must be read in the same expansive fashion. A limitation of the payment of counsel fees based upon gender clearly would be unconstitutional. (Orr v Orr, supra; Matter of Goldberg v Aylward, 72 AD2d 510.) It is the duty of this court to construe the statute so as not to conflict with its legislative intent and preserve its constitutionality. (See, e.g., Childs v Childs, supra; Matter of Carter v Carter, 58 AD2d 438; Matter of Carole K. v Arnold K., 87 Misc 2d 547.)
This court concludes that either spouse may properly be awarded counsel fees pursuant to section 438 of the Family Court Act. The purpose of the award of counsel fees is to insure that a person claiming a right of support and who is likely to be financially hard pressed can obtain the services of an attorney. (Childs v Childs, supra; Carter v Carter, 65 AD2d 765.) This purpose is served by determination of the issue solely on economic grounds without resort to any gender-based classification. The award must be based upon the economic situation of the parties and the circumstances of the case. (Matter of Goldberg v Aylward, supra.)
When both parties are possessed of assets and separate *397 incomes, as in this proceeding, counsel fees must be allocated according to the relative financial condition of the parties. (Matter of Hudis v Hudis, 64 AD2d 653; Berzins v Berzins, 64 AD2d 881.)
The court has given due consideration to the legal rights of both parties and has examined all the relevant documents and proceedings had herein including the nature and extent of the legal services, the time devoted, the nature and extent of the problem presented and the results obtained. (Matter of Barnes v Barnes, 54 AD2d 963.)
Based upon the afore-mentioned considerations, and in light of the financial circumstances of the parties as indicated by the testimony and exhibits before the court, by petitioner’s 1979 United States individual income tax return and 1979 New York State income tax resident return which were supplied to the court and by petitioner’s affidavit dated May 19, 1980, it is
Ordered, that Anthony Pelle pay Michael H. Gilberg, Esq., counsel for Tommasina Pelle the sum of $425 towards petitioner’s counsel fees within 30 days of receipt of this decision and order.