OPINION OF THE COURT
Bernard E. Stanger, J.
This is a motion by respondent for an award of counsel fees pursuant to section 438 of the Family Court Act.
The thrust of the motion is that the respondent has been subjected to two separate and distinct ungrounded and false support proceedings by his former wife, neither of which resulted in any upward modification. Respondent contends that this was done deliberately to harass and inconvenience him, causing him to expend substantial sums of money to defend himself. He asks this court to award him a counsel fee to make him whole as a result of this unnecessary litigation.
This motion must be denied. A review of the case law relating to section 438 of the Family Court Act shows that it was not intended to compensate for frivolous or vexatious actions. The Appellate Division, Second Department, in Carter v Carter (65 AD2d 765) stated that the purpose of section 438 is to insure that a person claiming a right to support and who is likely to be financially hard pressed, can obtain the services of an attorney to litigate the matter. Again, in Matter of Carole K. v Arnold K. (87 Misc 2d 547) the Family Court in New York County went on to elaborate that the award of counsel fees is predicated upon the best interests of the child, since the legal services of the *485 custodial petitioner’s attorney were rendered on behalf of the children to the same extent as any child-support proceeding. Accordingly, an attempt to obtain counsel fees under this section is outside the purview of the statute.
The case cited by respondent’s attorney, namely, Matter of Pelle v Pelle (104 Misc 2d 395) contrary to the respondent’s argument, does not stand for the proposition that section 438 of the Family Court Act authorizes counsel fees to defend against an application under article 4. While this court is of the opinion that the respondent is not without redress in some other cause of action to obtain relief, it will not be under section 438 of the Family Court Act.