■ DONNA SAMPSON, Respondent, v PHILIP L. GLAZER, Appellant. — In a proceeding pursuant to article 4 of the Family Court

Act for upward modification of child support, the appeal is from an order of the Family Court, Rockland County (Stanger, J.), dated June 1, 1983, which denied appellant's application for counsel fees.

Order affirmed, with costs.

In a child support proceeding brought pursuant to article 4 of the Family Court Act, the court, in its discretion, may award counsel fees to the attorney representing the person who is claiming a right to support on behalf of the child (Family Ct Act § 438; *Carter v Carter,* 65 AD2d 765; *Matter of Carole K. v Arnold K.,* 87 Misc 2d 547). As with awards of counsel fees made pursuant to Domestic Relations Law § 237 (b), the court will base its decision primarily upon both parties' ability to pay, the nature and extent of the services required to deal with the support dispute, and the reasonableness of their performance under the circumstances (*Matter of Barnes v Barnes,* 54 AD2d 963; *McCann v Guterl,* 100 AD2d 577). Under appropriate circumstances, to be determined on a case by case basis, the court may consider whether the more financially secure litigant is, in fact, merely waging a campaign of legal harassment against the more needy party (*see, Ardito v Ardito,* 97 AD2d 830).

In the instant case, appellant was not acting to protect the child's right to support and accordingly may not recover counsel fees. In any event, our review of the facts at bar indicates that appellant has failed to establish that he is financially hard-pressed and that petitioner is better able to pay his legal fees. Moreover, we find that petitioner's actions do not constitute a campaign of legal harassment. Petitioner appeared *pro se* throughout the Family Court proceedings. She voluntarily withdrew her first petition for upward modification of child support, brought on behalf of her infant daughter. She apparently brought the instant proceeding in good faith after she learned of a new ruling which she reasonably believed provided a basis for her claim. Mollen, P. J., Titone, Lazer and Thompson, JJ., concur.