OPINION OF THE COURT
Louis A. Barone, J.
The petitioner, Linda D., moved for an award of counsel fees in the sum of $3,278 against respondent. Petitioner alleges she incurred these legal expenses when, because of respondent’s actions, she was required to file and prosecute a petition for violation of an order of protection against the respondent. Respondent opposed the motion and the matter was set for hearing on October 16, 1991.
The petitioner was awarded an order of protection on consent against the respondent. Upon his alleged violation she filed a violation petition. On the return date of the petition, *565 after conference and extensive renegotiation of the original order of protection with expanded restrictions, and designated living areas, the petitioner withdrew the violation petition and the respondent consented to the modified order of protection.
Petitioner seeks counsel fees for the time expended in bringing the violation petition and the ultimate conclusion thereof.
Respondent argues that petitioner is not entitled to counsel fees strictly on the law. Respondent refers to Family Court Act § 841 which indicates that a party is entitled to counsel fees generated by a petition to enforce an order of protection when said order is obtained "[a]t the conclusion of a dispositional hearing”. Respondent argues the parties consented to the modified order of protection, there was no hearing and therefore petitioner is not entitled to counsel fees.
The court does not agree with respondent’s argument. To read and enforce the statute literally would mean that each case must proceed to a "dispositional hearing” and if not, the petitioner automatically waives any right to seek counsel fees. This court does not interpret that as the intent of the Legislature. This court encourages litigants to settle issues wherever possible. The fact that each contributes to the order often gives further assurance and credence that the order will be honored.
In the case at bar, in lieu of a full hearing on the violation, the parties consented to a modification of the outstanding order of protection during the hearing of the violation petition. Based on the fact that the order of protection was modified and expanded, the petitioner withdrew the underlying violation petition. There was a disposition of the proceeding and as such the petitioner is entitled to seek counsel fees.
There are several factors which may be considered when awarding counsel fees; the parties’ ability to pay, the nature and extent of the services required to deal with the issue at hand and the reasonableness of the fee requested (Barnes v Barnes, 54 AD2d 963). The court need not find the successful party to be destitute in order to award fees.
From the sworn testimony, it appears the petitioner, Linda D., is a homemaker and has no income. The respondent, Peter D., testified to a yearly income of between $80,000 to $90,000. He owns real and business properties having a gross value of $4.1 million which may be encumbered by approximately $600,000 in mortgages.
*566 Testimony was then presented by counsel for petitioner stating she bills at $190 an hour and that as of June 1991 there were 17.25 billable hours on the file.
The court finds that pursuant to statute, the Family Court may grant counsel fees in the case at bar. Furthermore, because of respondent’s action or nonaction, the violation petition became necessary. The respondent is also in a more advantageous financial position than the petitioner.
The court does not fully appreciate the number of precourt conference hours expended herein. Therefore, the court awards petitioner the sum of $2,500 in counsel fees. Said sum will be paid by respondent to the firm of Hoffman, Wachtell, Koster, Maier & Mandel, Esqs., attorneys for petitioner by certified check within 10 days of receipt of a copy of the order herein.
Petitioner’s counsel will submit an order on notice.