◼ In the Matter of RENEE HARRIS, Respondent, v ALAN HARRIS, Appellant. [644 NYS2d 799] —In a support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Kings County (Palmer, J.), dated March 13, 1995, as denied his objections to an order of the same court (Panepinto, H.E.), dated December 22, 1994, which, after a hearing, *inter alia,* granted the mother's petition for an upward modification of child support.

Ordered that the order is modified by reducing the appellant's child support obligation from $854.21 per month to $779 per month; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the appellant's contentions, the evidence adduced at the hearing provided sufficient factual basis for the upward modification of his child support obligation (*see, Matter of Michaels v Michaels,* 56 NY2d 924; *Matter of Brescia v Fitts,* 56 NY2d 132; *Matter of Gonzalez v Diaz,* 224 AD2d 528; *Matter of Ragazzo v Murray,* 175 AD2d 247).

However, the Hearing Examiner used an incorrect income figure in calculating the appellant's child support obligation. At the hearing the appellant submitted an affidavit of financial

disclosure, which was sworn to before the Hearing Examiner on December 20, 1994, copies of his 1993 Federal and State income tax returns, his W-2 Wage and Tax Statement for 1993, and his pay stubs for the months of June, July, and August of 1994.

The appellant testified that he got one pay stub at the end of every month which showed his gross earnings and deductions. The pay stub dated August 31, 1994, showed that he had gross monthly earnings of $3,125. Based on this figure, the appellant's gross annual earnings would be $37,500. The appellant also testified that he received a performance bonus for 1993, which was paid in one lump sum in March of 1994 in the amount of $4,602.93. Thus, the appellant's gross annual income for 1994 was $42,102.93 ($37,500 + 4,602.93), not $46,000 as found by the Hearing Examiner.

Using the $42,102.93 figure and, for the purpose of simplicity, the deductions utilized by the Hearing Examiner, the appellant's adjusted gross income for 1994 amounts to $37,180.94. The combined parental adjusted gross income for 1994 is $67,986.07. The percentage of the appellant's adjusted gross income to the combined parental adjusted gross income is 55%.

Pursuant to Domestic Relations Law § 240 (1-b) (b) (3) the total child support amount is $16,996.52 (i.e., 25% of $67,986.07), of which the appellant's 55% portion is $9,348.09. The appellant's monthly child support obligation should, therefore, be $779. Bracken, J. P., Thompson, Krausman and Florio, JJ., concur.