■ In the Matter of GEORGE GINTHER, Appellant, v MARY O'GRADY GINTHER, Respondent. (Appeal No. 1.) [782 NYS2d 387]—

Appeal from an order of the Family Court, Erie County (James H. Dillon, J.), entered September 24, 2002. The order denied petitioner's objections to the Hearing Examiner's order dismissing the petition to modify child support.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: With respect to the order in appeal No. 1, we conclude that Family Court properly denied the objections of petitioner to the Hearing Examiner's order dismissing his petition without prejudice based upon petitioner's failure to appear at the hearing before the Hearing Examiner or to provide a reasonable excuse for the failure to do so (*see Matter of Baucom v Francis*, 261 AD2d 251 [1999], *lv dismissed* 94 NY2d 838 [1999]). With respect to the order in appeal No. 2, we conclude that the court also properly denied petitioner's objections to the Hearing Examiner's order granting respondent's motion for an award of counsel fees (*see* Family Ct Act § 438 [a]; *Sampson v Glazer*, 109 AD2d 831, 832 [1985]). "Although an attorney who engages in misconduct by violating the Disciplinary Rules is not entitled to legal fees for any services rendered (*see, Brill v Friends World Coll.*, 133 AD2d 729 [1987]), no such misconduct was established here" (*Shelton v Shelton*, 151 AD2d 659, 659-660 [1989]). Present—Pigott, Jr., P.J., Green, Pine and Hurlbutt, JJ.