■ In the Matter of ALYSE KATZ, Appellant, v MARIA PECORA, Respondent. [835 NYS2d 252]—

In a proceeding pursuant to Family Court Act article 5-B to establish a support order, the petitioner appeals from an order of the Family Court, Nassau County (Eisman, J.), dated March 15, 2006, which denied her objection to an order of the same court (Bannon, S.M.), dated December 19, 2005, which, after a hearing, granted the respondent's motion to dismiss the proceeding and for an attorney's fee in the sum of $3,000 to the respondent.

Ordered that the order dated March 15, 2006 is modified, on the law, by deleting the provision thereof granting that branch of the respondent's motion which was for an award of an attorney's fee; as so modified, the order is affirmed, without costs or disbursements.

The petitioner Alyse Katz, the sister of the father, acting on behalf of her then-14-year-old nephew (hereinafter the child), commenced the instant proceeding pursuant to the Uniform Interstate Family Support Act (Family Ct Act art 5-b [hereinafter UIFSA]) to establish a support order against the child's mother. When the child's parents were divorced in 2001, the mother was awarded custody of both the child and his sister, and the father was directed to pay approximately $1,500 per month for child support. In 2003 the child refused to continue living with his mother and went to live with his father. During the same period, the father anticipated that he would be incarcerated and commenced a proceeding to modify the custody provisions of the divorce decree.

On the return date of the father's petition, the mother, father, and Katz all appeared in court. As the mother recounted the events at a hearing held in connection with the instant petition, she had wanted the child to return to her home, but the child had been manipulated and turned against her by his father. She reluctantly agreed in the father's modification proceeding to accept Katz's offer to have the child stay with Katz at her home in Florida while the father was in prison, rather than have the child go to a foster home. Upon consent of both parents, the Family Court issued a modified custody order which provided,

inter alia, that the mother and father would have joint legal custody of the child, and that after the end of the 2003/2004 school term, the child would reside with Katz in Florida until further order of the court. At the court appearance on the father's petition, there was no discussion of child support to Katz, as, according to the mother, "money was not an issue for her."

After the father began serving his prison sentence, the child went to live with Katz, and the mother voluntarily provided $400 per month for his support. Katz commenced the instant proceeding in Florida asking the court to issue a support order establishing the amount of the mother's support obligation. The proceeding was transferred to the Family Court in Nassau County, and a hearing was held before a Support Magistrate, at which Katz was represented by the Nassau County Attorney. Following the hearing, the Support Magistrate issued an order dismissing the petition and awarding an attorney's fee to the mother in the sum of $3,000. Katz filed objections to the order, which were rejected by the Family Court. We conclude that, upon the record before it, the Family Court correctly granted that branch of the mother's motion which was to dismiss the proceeding.

As the Support Magistrate observed, there is already an outstanding child support order. This fact deprives the Family Court of authority to issue a support order in this proceeding (*see* Family Ct Act § 580-401; *cf. Matter of Lorenzana v Arafiles*, 297 AD2d 679, 680 [2002]). Accordingly, the Family Court was correct in denying Katz's objection to the granting of that branch of the motion which was to dismiss the proceeding.

However, the Family Court lacked authority to grant that branch of the mother's motion which was for an award of an attorney's fee. The UIFSA does not permit the court to "assess fees, costs, or expenses against the obligee or the support enforcement agency of either the initiating or the responding state, except as provided by other law" (Family Ct Act § 580-313 [b]). New York law provides for an award of an attorney's fee only to the attorney representing the person who is claiming a right to support on behalf of the child (*see* Family Ct Act § 438 [a]; *Sampson v Glazer*, 109 AD2d 831, 832 [1985]; *Carter v Carter*, 65 AD2d 765 [1978]). Thus, the Family Court had no statutory basis for granting that branch of the motion which was for an award of an attorney's fee (*see Sampson v Glazer, supra*).

In light of our disposition, the parties' remaining contentions need not be reached. Crane, J.P., Krausman, Covello and Carni, JJ., concur.