■ In the Matter of DENISE BYRNE, Respondent, v JAMES W. BYRNE, Appellant. [848 NYS2d 322]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Simeone, J.), dated September 27, 2006, as denied his objections to stated portions of an order of the same court (Livrieri, S.M.), dated May 22, 2006, granting the mother's petition for an upward modification of child support, and denying his application for an award of an attorney's fee, sustained his objection to so much of the order dated May 22, 2006, as failed to impute income to the mother for her use of a corporate vehicle, and remitted the matter to the Support Magistrate for further proceedings to consider imputing income to the mother for her use of the vehicle and for a new determination thereafter of his support obligation, if warranted.

Ordered that the appeal from so much of the order dated September 27, 2006, as sustained the father's objection to the failure to impute income to the mother for her use of a corporate vehicle and remitted the matter to the Support Magistrate for further proceedings to consider imputing income to the mother for her use of the vehicle is dismissed, as the father is not aggrieved by that portion of the order; and it is further,

Ordered that the order is affirmed insofar as reviewed, with costs.

The Family Court properly denied the father's objection to so much of the Support Magistrate's order as determined that the mother had established the existence of an unanticipated change in circumstances warranting an upward modification of child support (see Merl v Merl, 67 NY2d 359, 362 [1986]; Matter of Brescia v Fitts, 56 NY2d 132, 138-140 [1982]; Terrell v Terrell, 299 AD2d 810 [2002]; Matter of Lo Macchio v Lo Macchio, 247 AD2d 539 [1998]; Matter of Gill v Goldman, 239 AD2d 577 [1997]; Matter of Harris v Harris, 229 AD2d 439 [1996]). The mother demonstrated the existence of an unanticipated change of circumstances through evidence, inter alia, that her employer

provided free child care at the time of the parties' divorce and thereafter eliminated this benefit, and that one of the children required therapy for post-traumatic stress as a result of her involvement in an automobile accident.

The Family Court also properly denied the father's objection to the Support Magistrate's failure to award him an attorney's fee. Family Court Act § 438 (a) authorizes a fee award only to an attorney who is representing the party claiming a right to support on behalf of the child (*see Matter of Katz v Pecora,* 39 AD3d 646 [2007]; *Sampson v Glazer,* 109 AD2d 831, 832 [1985]). Moreover, the record does not substantiate the father's claim that he was entitled to an attorney's fee award because the mother sought an upward modification of child support to harass him or keep him away from the children (*see* 22 NYCRR 130-1.1 [c] [2]; *Sampson v Glazer,* 109 AD2d 831 [1985]; *see also Milteer v Milteer,* 280 AD2d 530 [2001]; *Leabo v Leabo,* 203 AD2d 254 [1994]).

The father's contention that the Support Magistrate, after conducting the further proceedings directed by the Family Court, failed to impute sufficient income to the mother for her use of the company car, is not properly before this Court.

Motion by the petitioner, inter alia, to dismiss an appeal from an order of the Family Court, Suffolk County, dated September 27, 2006, on the ground that it has been rendered academic. By decision and order on motion of this Court dated June 25, 2007, the motion was held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied. Krausman, J.P., Fisher, Angiolillo and Balkin, JJ., concur.