■ In the Matter of TRACY S. SIMMONS, Appellant, v JEFF A. SIMMONS, Respondent. [895 NYS2d 737]—In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from three orders of the Family Court, Nassau County (Singer, J.), all dated March 31, 2009, which (1) denied her objections to an order of the same court (Kahlon, S.M.), dated November 18, 2008, denying her motion, in effect, to modify a prior order of child support dated April 19, 2006, as modified by an order of this Court dated February 19, 2008, (2) denied her objections to an order of the same court (Kahlon, S.M.), dated November 18, 2008, dismissing, after a hearing, her petition for an upward modification of the father's child support obligation, and (3) denied her motion, in effect, to vacate an order of the same court (Kahlon, S.M.), dated January 7, 2009, awarding the father an attorney's fee.

Ordered that the first and second orders dated March 31, 2009 are affirmed, without costs or disbursements; and it is further,

Ordered that the third order dated March 31, 2009 is reversed, on the law, without costs or disbursements, the mother's motion, in effect, to vacate the order dated January 7, 2009 is granted, and the order dated January 7, 2009 is vacated.

The Family Court providently exercised its discretion in denying the mother's objections to the Support Magistrate's determination that she failed to establish a substantial change in circumstances warranting an upward modification of child support (*see* Domestic Relations Law § 236 [B] [9] [b]; *Matter of Fantel v Stamatatos*, 59 AD3d 717 [2009]; *Matter of Talty v Talty*, 42 AD3d 546, 547 [2007]; *Matter of Heyward v Goldman*, 23 AD3d 468 [2005]).

However, the Family Court erred in denying the mother's motion, in effect, to vacate an order of the Support Magistrate dated January 7, 2009, awarding the father an attorney's fee. Family Court Act § 438 (a) authorizes an award of an attorney's fee only to an attorney who is representing the party claiming a right to support on behalf of the child, which was not the case here (*see Matter of Byrne v Byrne*, 46 AD3d 811 [2007]; *Matter of Katz v Pecora*, 39 AD3d 646 [2007]; *Sampson v Glazer*, 109 AD2d 831 [1985]). Fisher, J.P., Florio, Belen and Austin, JJ., concur.