Samuel J. Silverman, J.
Defendant, indicted for burglary and related crimes, moves to suppress evidence allegedly obtained by unlawful and unconstitutional search. The moving affidavit of defendant recites that ‘ ‘ On October 25,1963, at about 9:30 a.m. I was walking on West 105th Street, New York City, when * * * the arresting officer searched me.” It then recites the property claimed by the arresting officer to have been taken from his possession — allegedly a stolen television set, jewelry, money and alleged burglars’ tools. The moving affidavit then goes on to say 1 ‘ The search in question was made without probable cause to believe that I had committed a crime and without a warrant or my consent to be searched. ’ ’
Rule IV (subd. 3, par. [h]) of part 2 of the rules of this court provides with respect to motions for orders suppressing evidence: “In all such applications, where the right to the relief sought is based on questions of fact, a verified, unequivocal statement of the facts relied upon must be made.” I do not think the moving affidavit here complies with this requirement. It is a form affidavit that tells no more than that there has been a search which affiant claims to be illegal. Except for date, place and name, it could fit any case in which defendant claims an illegal search. If this affidavit is sufficient, then little if anything is left of the requirement of the rule. True, defendant should not be asked to prove a negative, or what was or was not in the arresting officer’s mind. But I think the rule requires something more in the way of detailed facts than is here given. Something more defendant must know. A form affidavit does not satisfy the rule.
*935 While the District Attorney’s failure to submit an opposing affidavit justifies the court in giving the most liberal construction to the moving affidavit, I think defendant must still in the first instance give more in the way of detailed, specific, relevant facts than he has here.
Defendant relies on Jones v. United States (362 U. S. 257, 263, 265). I do not think it is relevant. As I read it, Jones merely defines a rule for the Federal courts as to “ standing ’ ’ to make such a motion. Here there is no problem of “ standing ”. The moving party is the defendant who has himself been searched. He unquestionably has standing to make the motion. But he must make a more specific showing that the search and seizure were illegal before the time of the court, the District Attorney and the witnesses are required to be devoted to a hearing.
The motion is denied, without prejudice to renewal on papers which comply with rule IV (subd. 3, par. [h]) of part 2 of the rules of this court.