■ JULIETTE KELLNER, Appellant, v. BENJAMIN KELLNER, Respondent.— Order, entered on July 22, 1966, unanimously affirmed, without costs or disbursements. No opinion. Order, entered July 20, 1966, holding in abeyance plaintiff's motion to punish defendant for contempt and referring the motion to a Special Referee to hear and report on the question of defendant's financial ability, unanimously reversed, on the law and on the facts, with $30 costs and disbursements to plaintiff, the reference vacated, and the motion granted to the following extent: Defendant is adjudged in contempt and fined the sum of $8,010. He may purge himself of said fine by paying the sum of $1,010 within 10 days after service of a copy of the order to be entered hereon with notice of entry and by paying the balance at the rate of $1,000 per month thereafter, in addition to payment of current alimony as it accrues. Plaintiff is also awarded a counsel fee of $1,000 in connection with the motion and this appeal. The judgment of separation dated April 18, 1966, directed defendant to pay alimony of $250 a week commencing with February 24, 1966, plus a counsel fee of $3,500. No part of the fee has been paid, and by June 30, 1966, the date of the order requiring defendant to show cause why he should not be punished for contempt, the alimony arrears had mounted to $4,510. Nothing in extenuation of these defaults is found in the record. Defendant made no showing that his financial condition had suffered any material deterioration in the brief interim since the entry of judgment; accordingly a reference to relitigate his resources was unwarranted (*Presberg* v. *Presberg*, 285 App. Div. 1134; *Gargiulo* v. *Gargiulo*, 18 A D 2d 1013). Defendant is well aware that his obligation was prescribed by an order of court. An order of court, he must learn, is to be obeyed. Settle order on notice. Concur — Botein, P. J., Breitel, McNally, Steuer and Witmer, JJ.

■ 122 WEST 29TH STREET REALTY CORP. et al., Respondents, v. WEST 29TH STREET PARKING LOT et al., Appellants.— Determination of the Appellate Term affirming an amended judgment of the Civil Court entered July 1, 1965 which awarded $845.73 to plaintiffs-respondents after a trial without a jury, unanimously reversed, on the law and the facts, without costs and disbursements to any party, and a new trial granted to both defendants-appellants in the interests of justice. The action is for property damage to plaintiffs' premises which was caused by an automobile owned by the defendant, Newhouser (now deceased). At the time of the accident, the car was in the custody of the defendant parking lot but was operated by one Ramirez, who was not an employee of the parking lot. There is insufficient evidence in the record to support a finding that Ramirez was authorized to move cars for the parking lot and this defect permeates the case against both defendants. Moreover, it appears that additional proof could have been adduced not only on this issue but on the question of certain alleged defects in the car. Consequently, a new trial should be held (see 7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5522.05; cf. *Baccialon* v. *Guerra*, 282 App. Div. 755). Concur — Breitel, J. P., Rabin, McNally and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN RIVERA, Appellant.— Judgment convicting defendant of attempt to commit the crime of larceny in the second degree, upon his plea of guilty after denial of a motion to suppress certain evidence on the ground that it had been illegally seized from his person, unanimously affirmed on the opinion of Mr. Justice SILVERMAN (41 Misc 2d 934) at the Motion Part. Concur — Breitel, J. P., Stevens, Steuer, Capozzoli and Witmer, JJ.