■ ALICE JAWORSKY, Respondent, v ROMAN JAWORSKY, Appellant. — In a matrimonial action, the defendant husband appeals from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated July 6, 1981, as denied his cross motion, *inter alia,* to reduce alimony payments and to require the plaintiff wife to share the expenses for the repair of the marital residence. Order affirmed insofar as appealed from, with $50 costs and disbursements. By cross motion, defendant seeks (1) a downward modification of the judgment based on (a) his alleged added expenses and debts due to his ownership of the former marital residence conveyed to him in December, 1980, by virtue of an order of October 28, 1980, made and entered in accordance with a stipulation of the parties, dated September 4, 1980, and (b) his claim that the $200 gross salary alleged by the plaintiff wife, as a legal secretary and confirmed by her employer, is false and understated, and (2) reimbursement of one half of a roof repair bill which he claims by virtue of a provision contained in the judgment of divorce, dated October 13, 1978, for sharing of repair bills in excess of $150. An examination of this record discloses that since the divorce judgment, the parties have prosecuted a series of motions and cross motions against each other. Under the terms of the judgment, defendant was awarded exclusive possession of the marital premises. By order dated March 31, 1980, the court, in awarding sole custody of the two children of the parties to the defendant, substantially modified the provision for monthly support by, *inter alia,* reducing the monthly payments from $260 to $60. In a decision dated January 22, 1981, the court denied defendant's cross motion to delete alimony payments, stating that "[n]o change of circumstances since the court's prior order has been shown." By the order appealed from, dated July 6, 1981, the court denied a similar cross motion by defendant for downward modification; this time assigning as the reason that "no change in circumstances is shown since the numerous prior orders of this court denying the same relief." Defendant's affidavit in support of his instant cross motion is conclusory and lacking in any factual showing to demonstrate that his financial circumstances have changed since the January 22, 1981 decision. The letter from defendant's accountant, dated July 21, 1981, represents matter which is dehors the record and may not be considered. By an affidavit sworn to on December 22, 1980, defendant, in support of his prior cross motion, asserted the same allegation concerning the falsity and understatement of plaintiff's claimed salary of $200 per week. This issue was litigated when the said cross motion was denied in January, 1981. Defendant has made no factual showing that his financial condition had suffered any material deterioration in the brief interim since the prior deter-

mination made as recently as January, 1981 (see *Kellner v Kellner,* 27 AD2d 519). We find no merit to defendant's claim for reimbursement for the roof repair because such claims were preserved under the judgment so long as the marital property was subject to the court's jural direction. Here, that control ended with the later sale pursuant to the order providing therefor based on the parties' stipulation. Neither the stipulation nor the order of October 28, 1980 provided for such subsequent expense sharing, and, when the closing took place, and in the absence of an agreement that such alleged claim survive, it merged in the transfer and became nonexistent. Moreover, this very same claim was made in defendant's prior cross motion and was rejected. Accordingly, Special Term correctly determined that no issues of fact were presented for resolution at a hearing and properly denied the cross motion. Titone, J. P., Gibbons, Weinstein and Rubin, JJ., concur.