■ In the Matter of SUSAN LEONE, Appellant, v VINCENT LEONE, Respondent.—In a support proceeding pursuant to Family Court Act article 4, the petitioner wife appeals from an order of the Family Court, Nassau County (Moody, H. E.), entered March 7, 1986, which granted the respondent husband's application for a reduction of the amount of child support awarded in a judgment of divorce from $750 per month for the two children of the parties to $70 per week. The petitioner's objections to that order were overruled in an order of the same court, dated July 2, 1986.

Ordered that the order entered March 7, 1986, is reversed, without costs or disbursements, the order dated July 2, 1986, is vacated, and the matter is remitted to the Hearing Examiner to determine whether there should be a reduction in child support based only on the facts which occurred between May 30, 1985, the date of a stipulation between the parties, and August 28, 1985, the date the instant application for downward modification of child support was made.

Pursuant to a separation agreement dated March 14, 1983, the respondent was obligated to pay $750 per month to the petitioner as child support for the two infant issue of the marriage. The parties were granted a conversion divorce on June 5, 1984, and the separation agreement was incorporated but not merged into the judgment.

In February 1985 the respondent moved in the Supreme Court, Nassau County, for a downward modification of child support and the petitioner moved in the same court, *inter alia,* for enforcement of the judgment and arrears. In settlement of both motions, a "so ordered" stipulation was entered on May 30, 1985, in the Supreme Court, Nassau County (Burstein, J.), which determined an allocation of the proceeds upon the sale of the marital premises.

The stipulation was read into the record and commenced as follows: "MR. DIMASCIO [petitioner's attorney]: It is hereby stipulated and agreed by and between the respective parties and their attorneys, that both of the proceedings presently before this Court, based upon the plaintiff's application seeking various forms of enforcement relief against the defendant, and defendant's application for a downward modification of * * * child support obligation, are hereby settled on the following terms and conditions".

It is noted that, pursuant to the terms of the stipulation and settlement, the former marital residence was sold and the respondent received the sum of approximately $50,000 from the proceeds, the petitioner received in excess of $100,000 and the sum of $38,000 was placed in an escrow account to secure the future payment of child support.

On August 28, 1985, the respondent again sought to reduce his child support payments, this time in the Family Court, Nassau County, and the matter was referred to a Hearing Examiner.

Although the Hearing Examiner explicitly acknowledged that she had no authority to review the change of financial circumstances prior to the May 30, 1985 stipulation entered in

the Supreme Court, Nassau County, she nonetheless permitted testimony to be adduced at the hearing that the petitioner's income had substantially increased from $3,000 in 1983, to $23,000 in 1985, whereas the respondent's income had decreased from $33,000 in 1982 to $16,255 in 1985. Based upon these figures, including the period prior to the date of the stipulation, an order dated November 26, 1985, was entered March 7, 1986, in the Family Court, Nassau County, reducing the respondent's child support obligations from $750 per month to $70 per week. In an order of the same court (Cohen, J.), dated July 2, 1986, the petitioner's objections were denied and the Hearing Examiner's order was continued based upon an evaluation of the parties' changed financial circumstances from the period from 1983 to 1985. We now reverse.

Although the terms of a separation agreement may be modified upon a showing of a change in the financial circumstances of the parties together with the changing needs of the children (Matter of Boden v Boden, 42 NY2d 210; Jensen v Jensen, 110 AD2d 679), it is well established that in reviewing the changed financial status of the parties, the courts may only consider changes from the date of the last petition for modification (Matter of Funt v Funt, 65 NY2d 893; Ardito v Ardito, 97 AD2d 830; Jaworsky v Jaworsky, 87 AD2d 622). Prior to the instant application dated August 28, 1985, for a downward modification of child support, the respondent made an earlier application in February 1985 in the Supreme Court, Nassau County, to determine the propriety of the support provisions. Both the respondent's downward modification application and the petitioner's motion for enforcement were heard together, and both were settled by the stipulation dated May 30, 1985, in the Supreme Court, Nassau County. This stipulation settled the respondent's application for downward modification of child support for the period up to and including May 30, 1985. When the respondent applied to the Family Court on August 28, 1985, for downward modification, the Hearing Examiner apparently failed to consider the consequences of the May 30, 1985, stipulation and decided the application based on evidence of the parties' financial status prior to May 30, 1985. Since the respondent's application for downward modification had been previously resolved by the May 30, 1985, stipulation, he was collaterally estopped from relitigating this issue, and the Family Court was obligated to limit itself to an evaluation of the change of the financial circumstances of the parties subsequent to the May 30, 1985, stipulation.

We therefore vacate the order modifying downward the child support and remit the matter to the Family Court for a new hearing consistent with this determination. Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.