■ In the Matter of JUDITH FINELL, Respondent, v STEVEN FINELL, Appellant. [811 NYS2d 733]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals (1), as limited by his brief, from so much of an order of the Family Court, Westchester County (Furman, S.M.), dated November 5, 2003, as granted that branch of the mother's petition which was for an award of child support arrears, (2) from an order of the same court also dated November 5, 2003, which directed the entry of a money judgment for child support arrears in the principal sum of $9,063.21, (3) from an amended order of the same court dated September 27, 2004, which granted the mother's motion for an award of counsel fees in the sum of $4,000, (4) from an order of the same court (Davidson, J.) dated September 30, 2004, which denied his objections to the two orders dated November 5, 2003, and (5) from an order of the same court dated December 14, 2004, which denied his objections to the amended order dated September 27, 2004.

Ordered that the appeals from the orders dated November 5, 2003, are dismissed, without costs or disbursements, as those orders were superseded by the order dated September 30, 2004; and it is further,

Ordered that the order dated September 30, 2004, is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from the amended order dated September 27, 2004, is dismissed, without costs or disbursements, as the order was superseded by the order dated December 14, 2004; it is further,

Ordered that the order dated December 14, 2004, is reversed, on the law and in the exercise of discretion, without costs or disbursements, the objections are sustained, and the amended order dated September 27, 2004, is vacated.

The father's argument that he should be relieved of his obligation to pay additional child support to the mother because he made various expenditures for the benefit of his children at the mother's request is without merit. "Voluntary payments made by a parent for the benefit of his or her children and not pursuant to a court order may not be credited against amounts due under the order" (*Matter of Gleason v Gleason,* 247 AD2d 384, 385 [1998]; *see Horne v Horne,* 22 NY2d 219, 224 [1968]; *Mayeri v Mayeri,* 220 AD2d 647, 648 [1995]; *Lefkow v Lefkow,* 188 AD2d 589, 590 [1992]; *Kerpen v Kerpen,* 172 AD2d 496 [1991]). Accordingly, the Family Court properly granted that branch of the mother's petition which was for an award of child support arrears.

However, the Family Court improvidently exercised its discretion in granting the mother's motion for an award of counsel fees (*see* Domestic Relations Law § 237 [b]; Family Ct Act § 438 [a]; *Kane v Rudansky,* 23 AD3d 349 [2005]). "Although such fees and related expenses are entrusted to the sound discretion of the court, they are nonetheless to be controlled by the equities of the case and the financial circumstances of the parties" (*Kane v Rudansky, supra* at 349 ). Here, while the Family Court indicated that consideration was given to, inter alia, "the disparity between the parties' incomes," the court failed to account for the fact that in the income tax year ending five months before the commencement of the support proceeding, the mother's income exceeded that of the father. Moreover, the mother was only partially successful on her petition, in that the Family Court granted that branch which was for child support appears but denied what the court itself described as her "application seeking significant arrears for the cost of [her] health insurance." Under these circumstances, an award of counsel fees should not have been made.

The father's remaining contentions are either without merit or need not be considered in light of our determination. Cozier, J.P., Santucci, Spolzino and Skelos, JJ., concur.