■ In the Matter of Roslyn Nieves-Ford, Respondent, v Michael Gordon, Appellant. [850 NYS2d 588]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Marks, J.), entered May 5, 2006, which denied his objections to eight orders of the same court (Bannon, S.M.), seven dated December 1, 2005, and one dated April 24, 2006, inter alia, denying his petition for a downward modification of child support and granting the mother an attorney's fee.

Ordered that the order is affirmed, with costs.

In 1997 the father filed a petition seeking a downward modification of his child support obligation. Following a hearing, the Support Magistrate denied the petition on the ground that the father had caused his own inability to pay child support. This Court reversed an order of the Family Court, Nassau County, denying the father's objections to the Support Magistrate's denial of his petition (*see Matter of Nieves v Gordon,* 264 AD2d 446 [1999]), and remitted the matter to the Family Court, Nassau County, for a new hearing and determination. In reversing, this Court found that the Support Magistrate had erred in refusing to allow the father to examine the mother with respect to the actual expenses of the child. Upon remittitur, a new hearing was held and a new determination made.

The party seeking modification of a support order has the burden of establishing the existence of a substantial change in circumstances warranting the modification (*see Matter of Marrale v Marrale,* 44 AD3d 773 [2007]; *Carr v Carr,* 187 AD2d 407, 408 [1992]). In exercising its discretion whether to modify a child support order, the Family Court may consider various factors, including "a loss of income or assets by a parent or a substantial improvement in the financial condition of a parent" (*Matter of Brescia v Fitts,* 56 NY2d 132, 141 [1982] [citations omitted]; *see* Family Ct Act § 451). Significantly, the court may

consider whether a supporting parent's claimed financial difficulties are the result of that parent's intentional conduct (*see Matter of Knights v Knights,* 71 NY2d 865 [1988]; *Matter of Fries v Price-Yablin,* 209 AD2d 1002, 1003 [1994]).

It is undisputed that the father caused his own inability to pay child support due to his wrongful conduct resulting in the termination of his employment in 1994. Moreover, it is undisputed that between the termination of his employment in 1994 and the filing of the modification petition in 1997, the father made no attempt to obtain gainful employment. Furthermore, on remittitur, the father failed to establish a substantial improvement in the mother's financial condition warranting a reduction in child support. Accordingly, the Family Court properly denied the father's objections to the denial of his petition for downward modification.

In a child support proceeding pursuant to Family Court Act article 4, the court, in its discretion, may award an attorney's fee to the attorney representing the person who is claiming a right to support on behalf of the child (*see* Family Ct Act § 438; *Sampson v Glazer,* 109 AD2d 831 [1985]; *Carter v Carter,* 65 AD2d 765 [1978]). As with an award of an attorney's fee made pursuant to Domestic Relations Law § 237 (b), the court will base its decision primarily upon both parties' ability to pay, the nature and extent of the services required to deal with the support dispute, and the reasonableness of their performance under the circumstances (*see McCann v Guterl,* 100 AD2d 577 [1984]; *Matter of Barnes v Barnes,* 54 AD2d 963 [1976]). Under appropriate circumstances, to be determined on a case by case basis, the court may consider whether the more financially secure litigant is, in fact, merely waging a campaign of legal harassment against the more needy party (*see Ardito v Ardito,* 97 AD2d 830 [1983]).

In the instant case, the father's actions constituted a campaign of legal harassment. Accordingly, the Support Magistrate did not improvidently exercise its discretion in awarding the mother an attorney's fee.

The father's remaining contentions are without merit. Ritter, J.P., Florio, McCarthy and Dickerson, JJ., concur.