■ In the Matter of PETER DINHOFER, Appellant, v MARINA ZABEZHANSKAYA, Respondent. [912 NYS2d 899]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals (1), as limited by his brief, from so much of an order of the Family Court, Queens County (O'Connor, J.), dated June 19, 2009, as denied his objections to an order of the same court (Hickey, S.M.), dated May 8, 2009, which denied his petition for a downward modification of his child support obligation, and (2) from an order of the same court (O'Connor, J.), dated October 5, 2009, which awarded the mother counsel fees in the sum of $38,811.21.

Ordered that the order dated June 19, 2009, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated October 5, 2009, is affirmed, without costs or disbursements.

A party seeking to modify a child support award has the burden of establishing the existence of a substantial change in circumstances, measured by comparing the payor's financial situation at the time of the application for downward modification with the payor's financial situation at the time of the award which the payor seeks to modify was made (*see Matter of Mandelowitz v Bodden*, 68 AD3d 871, 874 [2009]; *Matter of Talty v Talty*, 42 AD3d 546, 547 [2007]; *Klapper v Klapper*, 204 AD2d 518 [1994]). On the father's appeal from the judgment of divorce, this Court determined that $80,000 in annual income should be imputed to him (*see Zabezhanskaya v Dinhofer*, 274 AD2d 476 [2000]). The father failed to meet his burden of establishing a substantial change of circumstances since the time the original award was made.

Further, the Family Court providently exercised its discretion in awarding the mother counsel fees pursuant to Family Court Act § 438 (a) (*see Matter of Nieves-Ford v Gordon*, 47 AD3d 936, 937 [2008]; *Matter of Simmons v Simmons*, 71 AD3d 775 [2010]; *Matter of Katz v Pecora*, 39 AD3d 646, 648 [2007]). A determination with respect to an award of counsel fees is within the sound discretion of the trial court (*see Matter of Sarfaty v Recine*, 57 AD3d 552 [2008]). Factors to consider in awarding counsel fees include the parties' ability to pay, the nature and extent of the services rendered, the complexity of the issues involved, and the reasonableness of counsel's performance and the fees under the circumstances (*see Matter of Nieves-Ford v Gordon*, 47 AD3d at 937; *Grumet v Grumet*, 37 AD3d 534, 536 [2007]; *Matter of Musarra v Musarra*, 28 AD3d 668, 669 [2006]). Further, the merits of the parties' positions are relevant considerations (*see Matter of Finell v Finell*, 25 AD3d 703, 704 [2006]; *Giuffrida v Giuffrida*, 81 AD2d 905 [1981]). Under the totality of the circumstances, the award of counsel fees was proper. Skelos, J.P., Balkin, Leventhal and Hall, JJ., concur.