In the Matter of MARY WADE, Respondent, v STEPHEN M. SMITH, Appellant. [926 NYS2d 906]—

The Family Court providently exercised its discretion in denying the father's objections to the Support Magistrate's determination that the mother was due an attorney's fee in the sum of

$1,200 pursuant to Family Court Act § 438 (a) with respect to the petitions the mother filed seeking an upward modification of the father's child support obligation (*see Matter of Dinhofer v Zabezhanskaya*, 79 AD3d 1039, 1040 [2010]; *Matter of Nieves-Ford v Gordon*, 47 AD3d 936, 937 [2008]; *Matter of Katz v Pecora*, 39 AD3d 646, 648 [2007]). The determination of whether to award an attorney's fee is within the sound discretion of the hearing court (*see Matter of Dinhofer v Zabezhanskaya*, 79 AD3d 1039 [2010]; *Matter of Sarfaty v Recine*, 57 AD3d 552 [2008]).

The Family Court properly determined that the mother was entitled to an attorney's fee in the sum of $1,200. In making that determination, the Family Court properly considered the parties' ability to pay, that the parties settled the matter without the necessity of a hearing, and that the issue of law involved was not overly complex, as well as the nature and extent of the services provided by the mother's counsel and his fee under the circumstances (*see Matter of Dinhofer v Zabezhanskaya*, 79 AD3d 1039 [2010]; *Matter of Neuhauser v Eisenberger*, 77 AD3d 951, 952 [2010]; *Matter of Nieves-Ford v Gordon*, 47 AD3d at 937). While the matter was eventually settled, the Family Court also considered the merits of the parties' positions (*Matter of Dinhofer v Zabezhanskaya*, 79 AD3d 1039 [2010]; *see Matter of Finell v Finell*, 25 AD3d 703, 704 [2006]). Thus, under the totality of the circumstances, the award of an attorney's fee in the sum of $1,200 was proper. Rivera, J.P., Florio, Austin and Cohen, JJ., concur.