■ MATTHEW O'SHEA, Appellant, v KIM CROSS, Respondent. [935 NYS2d 118]—

The plaintiff and the defendant were divorced by a judgment

dated October 17, 2003, which provided that the plaintiff's child support obligation could be modified if he experienced a decrease in income based upon changes in the television-commercial production industry. In 2008 the plaintiff commenced a proceeding in the Family Court for a downward modification of his child support obligations based upon alleged changes in the television-commercial production industry. After a full evidentiary hearing, that proceeding was dismissed for failure to prosecute. In 2010 the plaintiff moved in the Supreme Court, inter alia, for a downward modification of his child support obligation based upon changes to the television-commercial production industry.

Contrary to the plaintiff's contention, he failed to satisfy his burden of demonstrating a change in the television-commercial production industry, since his last petition for modification, so as to warrant a downward modification of his child support obligations (*see Matter of Funt v Funt*, 65 NY2d 893, 894 [1985]; *Matter of Ross v Dittmar*, 229 AD2d 396 [1996]; *cf. Matter of Bolotnikov v Bolotnikov*, 262 AD2d 318 [1999]; *Matter of Leone v Leone*, 137 AD2d 753, 755 [1988]). Accordingly, the Supreme Court properly denied that branch of his motion which was for a downward modification of his child support obligation.

Contrary to the plaintiff's contention, the Supreme Court did not improvidently exercise its discretion in granting the defendant's cross motion for an award of an attorney's fee (*see* Domestic Relations Law § 238; *Klepp v Klepp*, 44 AD3d 625 [2007]). Angiolillo, J.P., Dickerson, Lott and Miller, JJ., concur.