In the Matter of ROBERT BURRIS, Appellant, v JENNIFER BURRIS, Respondent. (Proceeding No. 1.) In the Matter of JENNIFER BURRIS, Respondent, v ROBERT BURRIS, Appellant. (Proceeding No. 2.) [936 NYS2d 691]—

Family Court Act § 438 (a) provides that in any proceeding under Family Court Act article 4, "the court may allow counsel fees at any stage of the proceeding, to the attorney representing

the spouse, former spouse or person on behalf of children" (Family Ct Act § 438 [a]). "As with an award of an attorney's fee made pursuant to Domestic Relations Law § 237 (b), the court will base its decision primarily upon both parties' ability to pay, the nature and extent of the services required to deal with the support dispute, and the reasonableness of their performance under the circumstances" (*Matter of Nieves-Ford v Gordon*, 47 AD3d 936, 937 [2008]). "The determination of whether to award an attorney's fee is within the sound discretion of the hearing court" (*Matter of Wade v Smith*, 86 AD3d 577, 578 [2011]; *see Matter of Dinhofer v Zabezhanskaya*, 79 AD3d 1039, 1040 [2010]; *Matter of Sarfaty v Recine*, 57 AD3d 552 [2008]).

Considering all of the circumstances of this case, including that the protracted nature of this dispute and the extent of the services required to deal with it were attributable to the actions and inactions of the father and his former counsel, the attorney's fee awarded to the mother was not an improvident exercise of discretion.

The father's remaining contentions either are without merit or are not properly before this Court, as they were not raised in his objections to the Support Magistrate's order entered June 21, 2010 (*see Matter of Tosques v Ponyicky*, 89 AD3d 1097 [2011]; *Matter of Feng Lucy Luo v Yang*, 89 AD3d 946 [2011]; *Matter of Hicks v Hicks*, 87 AD3d 1143, 1143-1144 [2011]). Rivera, J.P., Eng, Lott and Sgroi, JJ., concur.