*863 In a visitation proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Rockland County (Warren, J.), entered July 12, 2011, which, without a hearing, granted the mother’s motion for an award of an attorney’s fee to the extent of awarding her an attorney’s fee in the sum of $3,500.
Ordered that the order is affirmed, without costs or disbursements.
An award of an attorney’s fee in a proceeding under the Family Court Act is entrusted to the sound discretion of the Family Court (see Matter of Burris v Burris, 91 AD3d 866, 867 [2012]; Matter of Wade v Smith, 86 AD3d 577, 578 [2011]). The Family Court properly determined, based upon its interaction with the parties and its participation in the proceedings herein, that the father had caused the mother to incur additional legal fees by engaging in unnecessary litigation. The record demonstrates that, despite the Family Court’s clear directive to the father to either stipulate to a fee award of $3,000, or request an evidentiary hearing, the father failed to stipulate to the proposed fee award or to request a hearing on the issue. In light of the father’s failure to appropriately respond to the Family Court’s directive, the Family Court scheduled a hearing. However, on the scheduled date of the hearing, the father refused to proceed with the hearing. Accordingly, the father waived his right to a hearing on the matter (see Messinger v Messinger, 24 AD3d 631, 632 [2005]; Bengard v Bengard, 5 AD3d 340, 341 [2004]).
In light of the parties’ financial circumstances and the other evidence in the record, the Family Court’s award to the mother of an attorney’s fee in the amount of $3,500, which included the fee incurred in connection with the cancelled hearing to determine the amount of the fee award (see O’Shea v O’Shea, 93 NY2d 187, 193 [1999]), was a provident exercise of discretion. Angiolillo, J.P., Eng, Lott and Austin, JJ., concur.