In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Richmond County (Wolff, J.), dated October 9, 2012, which denied his objections to an order of the same court (Hickey, 5. M.), dated June 19, 2012, awarding the mother counsel fees totaling $10,060.
Ordered that the order dated October 9, 2012, is affirmed, with costs.
The Family Court providently exercised its discretion in awarding the mother counsel fees pursuant to Family Court Act § 438 (a) (see Matter of Dinhofer v Zabezhanskaya, 79 AD3d 1039, 1040 [2010]). “[T]he award of reasonable counsel fees is a matter within the sound discretion of the trial court” (Matter of Grald v Grald, 33 AD3d 922, 923 [2006]; see Matter of Westergaard v Westergaard, 106 AD3d 926 [2013]; Matter of Sarfaty v Recine, 57 AD3d 552 [2008]). The specific factors to be considered in computing an appropriate award include “the parties’ ability to pay, the merits of the parties’ positions, the nature and extent of the services rendered, the complexity of the issues involved, and the reasonableness of counsel’s performance and the fees under the circumstances” (Matter of Westergaard v Westergaard, 106 AD3d at 926-927; see Matter of Dinhofer v Zabezhanskaya, 79 AD3d at 1040; Matter of Nieves-Ford v Gordon, 47 AD3d 936, 937 [2008]; Matter of Musarra v Musarra, 28 AD3d 668, 669 [2006]; Matter of Finell v Finell, 25 AD3d 703, 704 [2006]; Giuffrida v Giuffrida, 81 AD2d 905, 906 [1981]). “Further, the merits of the parties’ positions are relevant considerations” (Matter of Dinhofer v Zabezhanskaya, 79 AD3d at 1040; see Matter of Finell v Finell, 25 AD3d at 704; Giuffrida v Giuffrida, 81 AD2d at 906). Under the totality of the circumstances presented here, the award of counsel fees was proper (see Matter of Dinhofer v Zabezhanskaya, 79 AD3d at 1040).
*806 The father’s claim that the Family Court should have denied the mother’s application for counsel fees because the mother’s counsel failed to submit billing statements to the mother “at least every 60 days” (22 NYCRR 1400.2) is without merit. The evidence before the Family Court showed that the mother’s counsel substantially complied with the statute (cf. Gottlieb v Gottlieb, 101 AD3d 678, 679 [2012]; Hovanec v Hovanec, 79 AD3d 816, 817 [2010]; Sherman v Sherman, 34 AD3d 670, 671 [2006]). The father’s claim that the mother’s counsel failed to comply with the filing requirement of 22 NYCRR 1400.3, raised for the first time on appeal, is not properly before this Court (see Matter of Grucci v Villanti, 108 AD3d 626, 628 [2013]; Matter of Rivera v Echavarria, 48 AD3d 578 [2008]). Skelos, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.