# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1433
CAF 13-02219
PRESENT: SCUDDER, P.J., CENTRA, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF BERNADETTE SIERAK,
PETITIONER-RESPONDENT,

V                                              MEMORANDUM AND ORDER

KYLE STARING, RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

MARK A. WOLBER, UTICA, FOR RESPONDENT-APPELLANT.

KOSLOSKY & KOSLOSKY, UTICA (WILLIAM L. KOSLOSKY OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from a corrected order of the Family Court, Oneida County (Randal B. Caldwell, J.), entered August 5, 2013 in a proceeding pursuant to Family Court Act article 6. The corrected order, among other things, dismissed petitions filed by Kyle Staring.

It is hereby ORDERED that the corrected order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father filed numerous petitions alleging violations of an order of custody and visitation and seeking modification of that order. After petitioner mother moved to dismiss those petitions, the father filed an additional petition seeking to modify the order of custody and visitation, and he relied exclusively on an affidavit he had previously submitted in opposition to the mother's motion to dismiss. In appeal No. 1, the father appeals from the corrected order pursuant to which Family Court, inter alia, granted the mother's motion to dismiss the initial petitions and, sua sponte, dismissed the final petition in the interest of judicial economy. The court also directed the mother's attorney to submit an affidavit and a proposed order directing payment of attorney's fees. In appeal No. 2, the father appeals from the order awarding the mother $3,200 in attorney's fees.

Contrary to the father's contention in appeal No. 1, the court did not err in sua sponte dismissing the final petition to modify custody and visitation in the interest of justice and without a hearing. As noted above, that petition was supported solely by an affidavit already before the court. We thus agree with the mother that the allegations contained in that petition, including allegations of a change of circumstances, were "duly reviewed, argued and considered by the court" in the context of the mother's motion to

dismiss.  "[T]he record reflects that, despite ample opportunity to do so, [the father] failed to present credible evidence to support [his] allegations against [the mother] and that the court had sufficient evidence on which to determine that a change of custody [or visitation] was not in the best interests of the child.  In the absence of the necessary evidentiary showing, the court was not required to hold a hearing" (*Matter of Sheliah M. v Joseph G.*, 77 AD3d 420, 420; *see Matter of Di Fiore v Scott*, 2 AD3d 1417, 1417-1418; *see also Matter of Harry P. v Cindy W.*, 48 AD3d 1100, 1100).

With respect to appeal No. 2, the father contends that the court abused its discretion in awarding the mother attorney's fees because the mother's attorney failed to substantially comply with the requirements of Domestic Relations Law § 237 (b) and 22 NYCRR 1400.3.  That contention, "raised for the first time on appeal, is not properly before this Court" (*Matter of Felix v Felix*, 110 AD3d 805, 806; *see Greenfield v Greenfield*, 270 AD2d 57, 57; *see also Matter of Eby v Joseph E.S.*, 28 AD3d 1091, 1092, *lv dismissed* 7 NY3d 783).

Entered:  January 2, 2015                              Frances E. Cafarell
                                                       Clerk of the Court