■ In the Matter of FERN I. WIENER, Respondent, v SAMUEL SALAMY, Appellant. (Proceeding No. 1.) In the Matter of SAMUEL SALAMY, Appellant, v FERN I. WIENER, Respondent. (Proceeding No. 2.) [37 NYS3d 909]—Appeals by the father from (1) an order of the Family Court, Nassau County (Diane M. Dwyer, S.M.), dated October 31, 2014, (2) an order of that court (Tomasina C. Mastroianni, S.M.), dated February 20, 2015, and (3) an order of that court (Conrad D. Singer, J.), dated July 29, 2015. The order dated October 31, 2014, dismissed the father's petition for a downward modification of his child support obligation. The order dated February 20, 2015, granted the mother's motion pursuant to Family Court Act § 454 (3) for an award of counsel fees in the amount of $13,044.71. The order dated July 29, 2015, denied the father's objections to the orders dated October 31, 2014, and February 20, 2015.

Ordered that the orders are affirmed, with one bill of costs.

The Family Court did not err in denying the father's objections to the order dismissing his petition for a downward modification of his child support obligation. The father failed to sustain his burden of establishing a change in circumstances since the time of his last unsuccessful modification petition (*see Matter of Funt v Funt*, 65 NY2d 893, 894 [1985]; *O'Shea v Cross*, 90 AD3d 874 [2011]; *Matter of Leone v Leone*, 137 AD2d 753, 755 [1988]).

The Family Court properly granted the mother's motion for an award of counsel fees in connection with her petition to enforce the father's child support obligation, and her opposition to the father's petition for downward modification of that obligation, based upon a finding that the father willfully failed to comply with that obligation (*see* Family Ct Act § 454 [3]), and a finding that the father's petition for downward modification was without merit (*see* Family Ct Act § 438 [a]; *Matter of Felix v Felix*, 110 AD3d 805 [2013]; *Matter of Dinhofer v Zabezhanskaya*, 79 AD3d 1039, 1040 [2010]).

The father's remaining contentions are without merit. Rivera, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.