# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**343**
**CA 16-01641**
PRESENT: WHALEN, P.J., SMITH, CARNI, LINDLEY, AND NEMOYER, JJ.

---

RYAN M. FORRESTEL, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MARGUERITA M.C. JONKMAN, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

MARGUERITA M.C. JONKMAN, DEFENDANT-APPELLANT PRO SE.

JOHN P. PIERI, BUFFALO, FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered December 15, 2015. The order, insofar as appealed from, denied the petition of defendant for sole custody and to limit the visitation of plaintiff.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this postdivorce proceeding, defendant former wife appeals from three orders. By the order in appeal No. 1, Supreme Court denied defendant's petition seeking to modify an existing order of joint custody and visitation that we previously affirmed (*Forrestel v Forrestel*, 125 AD3d 1299, *lv denied* 25 NY3d 904). By the order in appeal No. 2, the court reserved decision on plaintiff former husband's motion seeking payments allegedly owed to him by defendant under the property settlement agreement incorporated in the parties' judgment of divorce, and denied defendant's cross motion seeking, inter alia, similar relief under that agreement. By the order in appeal No. 3, the court denied defendant's motion seeking its recusal.

We conclude in appeal No. 1 that the court properly denied defendant's petition because she failed to "make a sufficient evidentiary showing of a change in circumstances to require a hearing on the issue whether the existing custody order should be modified" (*Matter of Di Fiore v Scott*, 2 AD3d 1417, 1417-1418 [internal quotation marks omitted]; *see Matter of Strachan v Gilliam* [appeal No. 1], 129 AD3d 1679, 1679, *lv dismissed* 26 NY3d 994; *Matter of Sierak v Staring*, 124 AD3d 1397, 1398; *Matter of Chrysler v Fabian*, 66 AD3d 1446, 1447, *lv denied* 13 NY3d 715).

"An order reserving decision is not appealable" (*Matter of Trader v State of New York*, 277 AD2d 978, 978; *see Schlau v City of Buffalo*, 125 AD3d 1546, 1548), and we therefore dismiss appeal No. 2 to the

extent that it concerns that part of the order reserving decision on plaintiff's motion.  To the extent that defendant challenges the denial of her cross motion, we affirm the order.  The parties' property settlement agreement is not in the record on appeal, and we are thus "unable to review the propriety of" the court's denial of defendant's claim for payments allegedly owed to her by plaintiff under that agreement (*Matter of Wood v Marshall*, 296 AD2d 859, 860, *lv dismissed in part and denied in part* 98 NY2d 755).

Finally, we conclude in appeal No. 3 that the court properly denied defendant's recusal motion.  In denying the petition in appeal No. 1, which alleged, inter alia, that plaintiff had unreasonably interfered with defendant's telephone access to the children while they were on vacation with him in Ireland, the court made several references to its own experience of difficulty with communications technology in Ireland.  Nonetheless, the record as a whole establishes that the court denied the petition on the ground that it was facially insufficient, rather than by using its personal experience to resolve "disputed evidentiary facts" in plaintiff's favor (22 NYCRR 100.3 [E] [1] [a] [ii]).  We therefore conclude that the determination in appeal No. 1 was not affected by the comments at issue (*see Matter of Davis v Davis*, 197 AD2d 622, 623; *see generally Matter of Kasprowicz v Osgood*, 101 AD3d 1760, 1762, *lv denied* 20 NY3d 863), and that the court "was within its discretion in refusing to recuse itself" (*Hass & Gottlieb v Sook Hi Lee*, 55 AD3d 433, 434; *see Matter of Daniel B.*, 134 AD3d 1103, 1104; *Matter of Ryan v Ryan*, 110 AD3d 1176, 1181; *see generally Matter of Roseman v Sierant*, 142 AD3d 1323, 1325).

Entered:  March 24, 2017                          Frances E. Cafarell
                                                 Clerk of the Court