Matter of Gworek v Gworek (2018 NY Slip Op 00990)





Matter of Gworek v Gworek


2018 NY Slip Op 00990


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


156 CAF 16-01101

[*1]IN THE MATTER OF JERRY W. GWOREK, PETITIONER-APPELLANT,
v
MARY M. GWOREK, RESPONDENT-RESPONDENT. (APPEAL NO. 1.) 






DEBORAH J. SCINTA, ORCHARD PARK, FOR PETITIONER-APPELLANT. 
ELIZABETH CIAMBRONE, BUFFALO, FOR RESPONDENT-RESPONDENT.
CATHERINE E. MARRA, ATTORNEY FOR THE CHILD, BUFFALO.
MINDY L. MARRANCA, ATTORNEY FOR THE CHILDREN, BUFFALO. 


 Appeal from an order of the Family Court, Erie County (Lisa Bloch Rodwin, J.), entered April 6, 2016 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition seeking to modify the parties' existing order of custody and visitation. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In appeal No. 1, petitioner father appeals from an order that dismissed, without a hearing, his petition seeking to modify the parties' existing order of custody and visitation (existing order). In appeal No. 2, the father appeals from the same order as in appeal No. 1, and we therefore dismiss the appeal from the order in appeal No. 2 as duplicative of the appeal from the order in appeal No. 1 (see generally Burnett v City of New York, 104 AD3d 437, 438 [1st Dept 2013]). In appeal No. 3, the father appeals from an order that dismissed, without a hearing, a subsequent, similar petition for modification.
Contrary to the father's contentions in appeal Nos. 1 and 3, we conclude that Family Court did not abuse its discretion in sua sponte dismissing the respective petitions without conducting a hearing. "A hearing is not automatically required whenever a parent seeks modification of a custody [or visitation] order . . . and, here, the [father] failed to make a sufficient evidentiary showing of a change in circumstances to require a hearing" with respect to either petition (Matter of Consilio v Terrigino, 114 AD3d 1248, 1248 [4th Dept 2014] [internal quotation marks omitted]; see Matter of Sierak v Staring, 124 AD3d 1397, 1398 [4th Dept 2015]).
We reject the father's further contention in appeal No. 3 that the court erred in modifying the existing order as a matter of law, without a hearing on the second petition, to eliminate a provision that improperly delegated decision-making authority with respect to visitation to one of the children's counselors (see generally Matter of Henrietta D. v Jack K., 272 AD2d 995, 995 [4th Dept 2000]).
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court