Matter of Pacheco v Pacheco (2018 NY Slip Op 05048)





Matter of Pacheco v Pacheco


2018 NY Slip Op 05048


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2017-07295
 (Docket No. F-10844-08)

[*1]In the Matter of Christiane Pacheco, appellant,
v
Hugo Pacheco, respondent.


Ann L. Detierre, New York, NY, for appellant.
Hugo Pacheco, Middle Village, NY, respondent pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Queens County (Mildred T. Negron, J.), dated June 7, 2017. The order denied the mother's objections to an order of the same court (Katerina Contaratos, S.M.), dated April 4, 2017, made after a hearing, which found that the father did not willfully violate a prior order of child support dated November 14, 2014, and thereupon denied the mother's motion for an award of counsel fees.
ORDERED that the order dated June 7, 2017, is affirmed, without costs or disbursements.
The parties were divorced in 2008 and are the parents of one child, born in 2005. By order dated November 14, 2014, the father's previous child support obligation was increased from the sum of $1,570 per month to the sum of $2,430 per month upon the consent of the parties. On April 21, 2015, the mother filed a petition alleging that the father violated the order dated November 14, 2014, and sought payment of retroactive child support arrears and an award of counsel fees. On May 17, 2016, the Support Magistrate set retroactive arrears and scheduled a hearing on the issues of willfulness and counsel fees. In an order dated April 4, 2017, the Support Magistrate found, after the hearing, that the father did not willfully violate the order dated November 14, 2014, and thereupon denied the mother's motion for an award of counsel fees. In an order dated June 7, 2017, the Family Court denied the mother's objections to the order dated April 4, 2017. The mother appeals.
The Family Court may allow the payment of counsel fees to the attorney representing the petitioner at any stage of a proceeding to modify or enforce an order (see Family Ct Act § 438[a]; Matter of Heintzman v Heintzman, 157 AD3d 682, 692; Matter of Nieves-Ford v Gordon, 47 AD3d 936, 937). Absent a finding that nonpayment was willful, an award of counsel fees is a matter left to the sound discretion of the Family Court (see Matter of Westergaard v Westergaard, 106 AD3d 926; Matter of Nieves-Ford v Gordon, 47 AD3d at 937). As with an award of counsel fees made pursuant to Domestic Relations Law § 237(b), the court must base its decision primarily upon both parties' ability to pay, the nature and extent of the services required to deal with the support dispute, and the reasonableness of their performance under the circumstances (see Matter of Heintzman v Heintzman, 157 AD3d at 693; Matter of Nieves-Ford v Gordon, 47 AD3d at 937; Matter of Barnes [*2]v Barnes, 54 AD2d 963). Great deference should be given to the credibility determinations of the Support Magistrate, who was in the best position to assess the credibility of the witnesses (see Matter of Julianska v Majewski, 78 AD3d 1182, 1183; Matter of Kennedy v Ventimiglia, 73 AD3d 1066, 1067; Matter of Musarra v Musarra, 28 AD3d 668, 669).
Here, the father demonstrated that he did not willfully violate the order dated November 14, 2014. The father's testimony at the hearing and other evidence submitted by the father showed that there had been a decline in his income as well as an inability to pay for financial obligations such as the mortgage on his residence and outstanding bills. The Support Magistrate's findings regarding the father's income were based on credibility determinations and were supported by the record (see Matter of Julianska v Majewski, 78 AD3d at 1183). Therefore, the Support Magistrate providently exercised her discretion in declining to award counsel fees to the mother (see Matter of Heintzman v Heintzman, 157 AD3d at 692; O'Brien v O'Brien, 115 AD3d 720, 724; Matter of Nieves-Ford v Gordon, 47 AD3d at 937; cf. Matter of Wiener v Salamy, 142 AD3d 1179).
Accordingly, we agree with the Family Court's determination denying the mother's objections to the order dated April 4, 2017.
MASTRO, J.P., DILLON, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court