Matter of Levin v Blum (2018 NY Slip Op 08301)





Matter of Levin v Blum


2018 NY Slip Op 08301


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-01429
 (Docket No. F-9153-16/16A)

[*1]In the Matter of Tomer T. Levin, respondent, 
v
Efrat Blum, appellant.


DiMascio & Associates, LLP, Garden City, NY (Lisa J. Silverman of counsel), for appellant.
Sunshine, Isaacson & Hecht, LLP, Jericho, NY (Joshua Hecht of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Nassau County (Felice J. Muraca, J.), dated November 17, 2017. The order denied the mother's objections to an order of the same court (Nadine J. Satterthwaite, S.M.) dated August 17, 2017, denying her motion for an award of an attorney's fee in the sum of $17,389.80.
ORDERED that the order dated November 17, 2017, is affirmed, without costs or disbursements.
In this proceeding, where the father petitioned to modify his child support obligation, the mother moved for an award of an attorney's fee in the sum of $17,389.80. The Support Magistrate denied the mother's motion. The mother filed objections and, by order dated November 17, 2017, the Family Court denied the objections. The mother appeals.
"In a child support proceeding pursuant to Family Court Act article 4, the court, in its discretion, may award an attorney's fee to the attorney representing the person who is claiming a right to support on behalf of the child" (Matter of Nieves-Ford v Gordon, 47 AD3d 936, 937; see Family Ct Act § 438[a]). "Absent a finding that nonpayment was willful, an award of counsel fees is a matter left to the sound discretion of the Family Court" (Matter of Pacheco v Pacheco, 163 AD3d 576, 577). "As with an award of counsel fees made pursuant to Domestic Relations Law § 237(b), the court must base its decision primarily upon both parties' ability to pay, the nature and extent of the services required to deal with the support dispute, and the reasonableness of their performance under the circumstances" (Matter of Pacheco v Pacheco, 163 AD3d at 577). Under the circumstances of this case, the Family Court providently exercised its discretion in declining to award an attorney's fee to the mother.
LEVENTHAL, J.P., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court