Wolman v Shouela (2019 NY Slip Op 03286)





Wolman v Shouela


2019 NY Slip Op 03286


Decided on April 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2019

Friedman, J.P., Gische, Webber, Kahn, Oing, JJ.


9133N 306935/09

[*1] Lisa Wolman, Plaintiff-Respondent,
v
Eli Shouela, Defendant-Appellant.


Lazar Grunsfeld Elnadav, LLP, Brooklyn (Gerry Grunsfeld of counsel), for appellant.
Teitler & Teitler, LLP, New York (Jaime L. Weiss of counsel), for respondent.



Order, Supreme Court, New York County (Laura E. Drager, J.), entered January 2, 2018, which awarded plaintiff wife $325,000 in counsel fees to be paid by defendant husband, unanimously affirmed, without costs.
The relevant agreement between the parties provides, inter alia, that "the Husband shall pay all of his and the Wife's reasonable counsel fees in connection with" his motion to modify visitation. The wife's applications for counsel fees and the husband's application for court-appointed counsel would not have been made if the husband had not moved to modify visitation. Thus, those applications were connected or related to the husband's motions to modify, and the wife was entitled to recoup reasonable counsel fees incurred on those applications (see Rainbow v Swisher, 72 NY2d 106, 109 [1988]).
The husband's argument that he was entitled to a hearing on the issue of reasonable counsel fees because the billing statements submitted in support of the wife's motion for counsel fees were not reasonably detailed is unavailing. The trial court, being fully familiar with all of the underlying proceedings, appropriately determined that the fees sought were reasonable by reviewing the detailed billing statements and the motion papers. Notably, the court's award reflected a significant reduction to the amount originally sought by the wife. We also decline to consider the husband's arguments that some billing entries were improperly or excessively redacted and that the charges regarding photocopying were not reasonable, because those issues were not raised before the motion court.
We further decline to consider the husband's arguments, raised for the first time on appeal, that counsel fees should not have been awarded to the wife because her motion failed to comply with 22 NYCRR 1400.2 and 1400.3 and Domestic Relations Law §
237(b) (see Matter of Sierak v Staring, 124 AD3d 1397, 1398 [4th Dept 2015]; Matter of Felix v Felix, 110 AD3d 805, 806 [2d Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2019
CLERK