Matter of Glass v Glass (2024 NY Slip Op 00305)

Matter of Glass v Glass

2024 NY Slip Op 00305

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2023-00766
 (Docket Nos. F-4735-22, F-7417-20/22B)

[*1]In the Matter of Gabriel Glass, appellant,
v
Chana Glass, respondent.

Kule Seid-Vazana & Associates, P.C., Garden City, NY (Danielle Seid-Vazana of counsel), for appellant.
Mejias, Milgrim, Alvarado & Lindo P.C., Glen Cove, NY (David L. Mejias and Jamie Rose Stein of counsel), for respondent.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated December 16, 2022. The order denied the father's objections to so much of an order of the same court (Sondra M. Toscano, S.M.) dated October 13, 2022, as granted the mother's motion for an award of counsel fees to the extent of awarding her counsel fees in the sum of $13,000.
ORDERED that the order dated December 16, 2022, is affirmed, with costs.
The parties are the divorced parents of three minor children. The father filed a petition to modify the support provisions of the parties' judgment of divorce. Thereafter, the mother moved for an award of counsel fees incurred in connection with the father's modification petition and a separate petition that the father had filed, in which he sought an award of child support as to one of the parties' children. In an order dated October 13, 2022, the Support Magistrate, inter alia, granted the mother's motion for an award of counsel fees to the extent of awarding her counsel fees in the sum of $13,000. The father filed objections to that portion of the Support Magistrate's order. In an order dated December 16, 2022, the Family Court denied the father's objections. The father appeals.
"In a child support proceeding pursuant to Family Court Act article 4, the court, in its discretion, may award counsel fees to the attorney representing the person claiming a right to support on behalf of the child" (Matter of Heintzman v Heintzman, 157 AD3d 682, 692). "'The factors to be considered in computing an appropriate award include the parties' ability to pay, the merits of the parties' positions, the nature and extent of the services rendered, the complexity of the issues involved, and the reasonableness of counsel's performance and the fees under the circumstances'" (Matter of Abizadeh v Abizadeh, 190 AD3d 850, 851, quoting Matter of Westergaard v Westergaard, 106 AD3d 926, 926-927). Further, an award of counsel fees "is entrusted to the sound discretion of the Family Court" (Matter of Zaydenverg v Zaydenverg, 151 AD3d 871, 872).
Under the totality of the circumstances, the Support Magistrate providently exercised [*2]her discretion in finding that the mother was entitled to counsel fees in the sum of $13,000 based upon, inter alia, the father's delay of the proceedings by failing to comply with a court-ordered disclosure and court instructions regarding the filing of petitions, which caused the mother to incur unnecessary legal costs (see Matter of Heintzman v Heintzman, 157 AD3d at 692; Matter of Tuglu v Crowley, 96 AD3d 862, 863; Matter of Burris v Burris, 91 AD3d 866, 867). Moreover, the amount of counsel fees awarded by the Support Magistrate was appropriate in light of the parties' financial situations and the extent of the services rendered (see Matter of Packman v Cywiak, 199 AD3d 811).
Accordingly, the Family Court properly denied the father's objections to so much of the Support Magistrate's order as granted the mother's motion for an award of counsel fees to the extent of awarding her counsel fees in the sum of $13,000.
CONNOLLY, J.P., WOOTEN, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court