# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**444**
**CAF 14-00219**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF CYLE J.F. AND COREY A.F.
------------------------------------------
SENECA COUNTY DIVISION OF HUMAN SERVICES,
PETITIONER-RESPONDENT;

                   MEMORANDUM AND ORDER

ALEXANDER F., RESPONDENT-APPELLANT.

---

FRANKLIN & GABRIEL, OVID (STEVEN J. GETMAN OF COUNSEL), FOR
RESPONDENT-APPELLANT.

FRANK R. FISHER, COUNTY ATTORNEY, WATERLOO (DAVID R. MORABITO, JR., OF
COUNSEL), FOR PETITIONER-RESPONDENT.

MARYBETH D. BARNET, ATTORNEY FOR THE CHILDREN, CANANDAIGUA.

---

Appeal from an order of the Family Court, Seneca County (Dennis
F. Bender, J.), entered January 10, 2014 in a proceeding pursuant to
Family Court Act article 10.  The order, among other things, placed
respondent under the supervision of petitioner for a period of one
year and placed the subject children in the custody of the
Commissioner of Social Services of Seneca County.

It is hereby ORDERED that said appeal from the order insofar as
it concerns disposition is unanimously dismissed and the order is
otherwise affirmed without costs.

Memorandum:  Respondent father appeals from an order of
disposition placing his children in the custody of petitioner upon a
finding that he neglected the children by, inter alia, inflicting
excessive corporal punishment and misusing a drug (*see* Family Ct Act §
1012 [f] [i] [B]).  The father contends that Family Court denied him
due process by allowing the children's mother, who was not a
respondent in the neglect proceeding, to participate in the fact-
finding hearing as a party even after she withdrew her custody
petition (*see generally* § 1035 [d]; *Matter of Telsa Z. [Rickey
Z.—Denise Z.]*, 71 AD3d 1246, 1250-1251).  The father did not timely
object to the mother's participation and thus failed to preserve his
contention for our review (*see generally Matter of Lucinda A. [Luba
A.]*, 120 AD3d 492, 494, *lv denied* ___ NY3d ___ [Apr. 2, 2015]; *Matter
of Ashley L.C. [James L.C.]*, 68 AD3d 1742, 1743).  In any event, we
reject the father's related contention that the court erred in denying
his motion to strike evidence elicited by the mother inasmuch as other
evidence amply supports the finding of neglect (*see generally Matter
of Kinara C. [Jerome C.]*, 89 AD3d 839, 840-841; *Matter of Mary S.*, 279

AD2d 896, 898).   The father's remaining contentions relate only to the disposition, i.e., the placement of the children and the terms of his visitation with them, and we dismiss as moot the father's appeal from that part of the order inasmuch as it has expired by its own terms (*see Matter of Gabriella G. [Jeannine G.]*, 104 AD3d 1136, 1136; *Matter of Kennedie M. [Douglas M.]*, 89 AD3d 1544, 1546, *lv denied* 18 NY3d 808).

Entered:  May 1, 2015                         Frances E. Cafarell
                                              Clerk of the Court