*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 16, 2015                  517494
_____

In the Matter of ELEANOR P.
    YANDON,
                    Respondent,

        v

TORI J. BOISVERT,                        MEMORANDUM AND ORDER
                    Appellant,
                    et al.,
                    Respondent.

(And Another Related Proceeding.)
_____

Calendar Date:   June 1, 2015

Before:   Lahtinen, J.P., Lynch, Devine and Clark, JJ.

_____

        Reginald H. Bedell, Elizabethtown, for appellant.

        Claudia A. Russell, Willsboro, for respondent.

        David Rudgers, Ticonderoga, attorney for the child.

_____

Lahtinen, J.P.

        Appeal from an order of the Family Court of Essex County
(Meyer, J.), entered August 28, 2013, which, among other things,
granted petitioner's application, in a proceeding pursuant to
Family Ct Act article 6, to modify a prior order of custody and
visitation.

        Petitioner (hereinafter the grandmother) is the maternal
grandmother of a child (born in 2008) whose parents are
respondent Ivy L. Boisvert (hereinafter the mother) and

respondent Tori J. Boisvert (hereinafter the father).  The parents had repeatedly split, reconciled and moved resulting in the child frequently residing with the grandmother for months at a time.  In July 2011, an order entered on consent provided for respondents to have joint legal and physical custody and the grandmother to have visitation.  By January 2012, the mother and the child were residing with the grandmother, but the mother later moved out leaving the child with the grandmother.  Petitions were filed, including the grandmother seeking custody in February 2012.  Following a hearing, Family Court rendered a detailed decision in which it concluded that the grandmother had established extraordinary circumstances and, upon then considering the best interests of the child, the court awarded the grandmother sole legal and primary physical custody with liberal visitation times for the mother and the father.  The father appeals, arguing that the finding of extraordinary circumstances lacked a sound and substantial basis in the record.

"It is well settled that a parent has a claim of custody of his or her child, superior to that of all others, in the absence of surrender, abandonment, persistent neglect, unfitness, disruption of custody over an extended period of time or other extraordinary circumstances" (Matter of Battisti v Battisti, 121 AD3d 1196, 1196-1197 [2014] [internal quotation marks and citations omitted]; see Matter of Marcus CC. v Erica BB., 107 AD3d 1243, 1244 [2013], appeal dismissed 22 NY3d 911 [2013]).  "The burden of proving such extraordinary circumstances rests with the nonparent seeking custody and, if established, the controlling consideration in determining custody is the best interests of the child" (Matter of Melody J. v Clinton County Dept. of Social Servs., 72 AD3d 1359, 1360 [2010], lv denied 15 NY3d 703 [2010] [citations omitted]; see Matter of Daphne OO. v Frederick QQ., 88 AD3d 1167, 1168 [2011]).  Proof regarding extraordinary circumstances may include, among other things, that "the parent has neglected 'to maintain substantial, repeated and continuous contact with' the child[] or make plans for [her] future" (Matter of Sweeney v Sweeney, 127 AD3d 1259, 1260 [2015], quoting Matter of Mildred PP. v Samantha QQ., 110 AD3d 1160, 1161 [2013]; see Matter of Carpenter v Puglese, 94 AD3d 1367, 1368 [2012]; Matter of Wayman v Ramos, 88 AD3d 1237, 1239 [2011], lv dismissed 18 NY3d 868 [2012]).

Here, there was evidence credited by Family Court that the child had chronic health and dental issues. The father ignored such issues and did not participate in obtaining professional care for these issues. The grandmother was actively involved in obtaining medical and dental care for the child. After the child had eye surgery, the father neglected to ensure that she received required follow-up care, and the grandmother eventually brought the child for such treatment. There was proof that the father was verbally and physically abusive of the mother when the child was present, as well as verbally abusive of the child. According to the mother, the father would ignore the child and any parenting responsibilities, opting instead to play video games and frequently being absent for extended periods during the few times the family was intact. She also stated that he abused various drugs, spending money on such substances rather than food and medicine needed by the family. The child had been evaluated in preschool as needing various special services, and the father failed to participate in any meetings with educators regarding the child's needs. The grandmother was in contact on a weekly basis with the child's teacher. The child has spent a considerable part of her life living with the grandmother and there was evidence that she faired better when in the grandmother's care. According deference to Family Court's credibility determinations (see Matter of Melody J. v Clinton County Dept. of Social Servs., 72 AD3d at 1360), there was ample proof that the father neglected the child's developmental, educational and medical needs, he was frequently absent and abdicated any parental responsibility, allowing such role to be filled by the grandmother, and he engaged in conduct detrimental to the child's well-being. The finding of extraordinary circumstances is supported by a sound and substantial basis in the record.

The father does not contest Family Court's best interests analysis and, in any event, the record fully supports the court's determination regarding that issue.

Lynch, Devine and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court