# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**721**
**CAF 15-00189**
PRESENT: WHALEN, P.J., CARNI, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

IN THE MATTER OF SARAH ROSEMAN,
PETITIONER-RESPONDENT,

                    V                                   MEMORANDUM AND ORDER

ERNEST SIERANT, RESPONDENT-APPELLANT,
AND ROBIN SIERANT, RESPONDENT.
(PROCEEDING NO. 1.)
----------------------------------------
IN THE MATTER OF CYNTHIA CARROLL,
PETITIONER-RESPONDENT,

                    V

ERNEST SIERANT, RESPONDENT-APPELLANT,
AND ROBIN SIERANT, RESPONDENT.
(PROCEEDING NO. 2.)

---

LAW OFFICES OF TINA C. BENNET, ESQ. AND BETH A. LOCKHART, ESQ.,
CANASTOTA (BETH A. LOCKHART OF COUNSEL), FOR RESPONDENT-APPELLANT.

JASON R. DIPASQUALE, BUFFALO, FOR PETITIONER-RESPONDENT CYNTHIA
CARROLL.

KOSLOSKY & KOSLOSKY, UTICA (WILLIAM L. KOSLOSKY OF COUNSEL), FOR
RESPONDENT.

DOUGLAS M. DEMARCHÉ, JR., ATTORNEY FOR THE CHILD, NEW HARTFORD.

JOHN J. RASPANTE, ATTORNEY FOR THE CHILDREN, UTICA.

---

    Appeal from an order of the Family Court, Oneida County (Joan E.
Shkane, J.), entered December 16, 2014 in proceedings pursuant to
Family Court Act article 6.  The order, inter alia, awarded custody of
respondents' eldest minor daughter to petitioner Sarah Roseman and
custody of respondents' other two minor daughters to petitioner
Cynthia Carroll.

    It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by vacating the fourth and fifth
ordering paragraphs and as modified the order is affirmed without
costs, and the matter is remitted to Family Court, Oneida County, for
further proceedings in accordance with the following memorandum:
Respondent father appeals from an order that, inter alia, granted

custody of respondents' eldest minor daughter to petitioner Sarah Roseman in proceeding No. 1 and custody of respondents' other two minor daughters to petitioner Cynthia Carroll in proceeding No. 2. Where, as here, there are "child custody dispute[s] between a parent and [two] nonparents, the parent has a superior right to custody that cannot be denied unless the nonparent[s] establish[] that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other extraordinary circumstances" (*Matter of Herrera v Vallejo*, 107 AD3d 714, 714; *see Matter of Bennett v Jeffreys*, 40 NY2d 543, 548; *Matter of Komenda v Dininny*, 115 AD3d 1349, 1350). Contrary to the father's contention, the record supports Family Court's determination that petitioners met their burden of establishing such extraordinary circumstances. They presented evidence of the father's long and serious history of alcohol abuse and the "highly unstable and unsafe living situation" such abuse created for the children (*Herrera*, 107 AD3d at 715; *see Komenda*, 115 AD3d at 1350). The evidence further established that the father failed to attend to the medical needs of his two youngest daughters (*see Matter of Braun v Decicco*, 117 AD3d 1453, 1454, *lv dismissed in part and denied in part* 24 NY3d 927). Contrary to the father's further contention, a sound and substantial basis in the record supports the court's determination that the best interests of the children would be served by the respective awards of custody to petitioners (*see Herrera*, 107 AD3d at 715). We reject the father's contention that the court erred in denying his request to bifurcate the hearing with respect to the issues of extraordinary circumstances and best interests. While the court was required to conduct an evidentiary hearing concerning both issues (*see Matter of Griffin v Griffin*, 117 AD3d 1570, 1570-1571), and it could have conducted separate hearings (*see Matter of Parker v Tompkins*, 273 AD2d 890, 890, *lv denied* 95 NY2d 762), it was not required to do so (*see e.g. Matter of Yandon v Boisvert*, 130 AD3d 1257, 1258).

The father failed to preserve for our review his contentions concerning the timing of the initial appearance in proceeding No. 1 and the service of the first and second amended petitions in proceeding No. 2 (*see Matter of Borggreen v Borggreen*, 13 AD3d 756, 757). The father also failed to preserve for our review his contentions that the court erred in hearing both petitions at the same time, and that he was denied his right to a speedy hearing (*see Matter of Starkey v Starkey*, 247 AD2d 894, 894). Also unpreserved for our review is the father's contention that the court erred in allowing the mother to participate in the hearing after she stipulated to the custody arrangement sought by petitioners (*see Matter of Cyle J.F. [Alexander F.]*, 128 AD3d 1364, 1364). While the father preserved his related contention that the court erred in accepting the mother's stipulation, we conclude that the father was not prejudiced thereby, inasmuch as the court conducted a full evidentiary hearing on the issues of extraordinary circumstances and the best interests of the children (*cf. Matter of Stiles v Orshal*, 290 AD2d 824, 825-826).

The father's contention that the court erred in temporarily transferring custody of the subject children without conducting a

hearing was rendered moot by the entry of the permanent custody order following a hearing (*see Matter of Dench-Layton v Dench-Layton*, 123 AD3d 1350, 1351).  The father lacks standing to complain about the assignment of counsel to petitioners (*see Matter of Anderson v Harris*, 73 AD3d 456, 458).  Similarly, the father's contentions concerning the court's alleged errors in proceeding with the hearing in the absence of counsel for Carroll and the father's youngest son fall within the "general prohibition on one litigant raising the legal rights of another" (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 773).

The court properly refused to recuse itself inasmuch as the record does not support the father's allegations that the court was biased against him and had prejudged the merits.  Contrary to the father's contention, the court did nothing inappropriate when it encouraged the parties to discuss settlement options (*see Martin v Martin*, 74 AD2d 419, 423).

We conclude that the father received effective assistance of counsel at the hearing, inasmuch as he failed to demonstrate the absence of strategic or other legitimate explanations for the alleged shortcomings of his first attorney (*see Matter of Brown v Gandy*, 125 AD3d 1389, 1390-1391).  Nor did the father establish any improper conduct on the part of the court or his first attorney in connection with that attorney's motion to withdraw from representing the father.

We agree with the father, however, that the court erred in its determinations with respect to visitation.  The court improperly denied contact of any kind with the father's eldest minor daughter, inasmuch as " '[t]he denial of visitation to a parent is a drastic remedy that is warranted only where there are compelling reasons and substantial evidence that such visitation is detrimental to the child's welfare' " (*Murek v Murek* [appeal No. 2], 292 AD2d 839, 840). While the evidence established that the father's relationship with his eldest minor daughter is strained, it did not establish that visitation would be detrimental to her welfare.  The court further erred in limiting the father's contact with his other two minor daughters to communication via Skype supervised by Carroll, inasmuch as the record fails to establish that visitation with the father would be harmful to them (*see id.; Matter of Mallory v Mashack*, 266 AD2d 907, 907).  We therefore modify the order by vacating the fifth ordering paragraph, and we remit the matter to Family Court for a determination of the father's visitation with each of the three subject children.

Finally, we agree with the father that the court erred in suspending the father's visitation with the subject children until, inter alia, he completes an alcohol and drug evaluation and all recommended treatment (*see Matter of Avdic v Avdic*, 125 AD3d 1534, 1535).  We therefore further modify the order by vacating the fourth ordering paragraph.

We have considered the father's remaining contentions and conclude that none warrants reversal or further modification of the

order.

Entered:  September 30, 2016                              Frances E. Cafarell
                                                         Clerk of the Court