■ In the Matter of CASSIE DURGALA, Appellant, v JOY BATRONY, Respondent, et al., Respondent. (Proceeding No. 1.) In

the Matter of CASSIE DURGALA, Appellant, v KEVIN STEVENSON, Respondent, and JOY BATRONY, Respondent. (Proceeding No. 2.) In the Matter of CASSIE DURGALA, Appellant, v JOY BATRONY, Respondent. (Proceeding No. 3.) (And Three Other Related Proceedings.) [62 NYS3d 594]—

Devine, J. Appeal from an order of the Family Court of Chemung County (Hayden, J.), entered June 14, 2016, which, among other things, partially dismissed petitioner's applications, in three proceedings pursuant to Family Ct Act article 6, for custody of the subject children.

Petitioner (hereinafter the mother) is the mother of, as is relevant here, five children (born in 2004, 2007, 2010, 2011 and 2013). The mother encountered housing difficulties and, in September 2015, the children moved in with respondent Joy Batrony (hereinafter the grandmother) at the mother's request. The situation soured and, while the exact reasons for that are hazy, there is no doubt that the children remained with the grandmother and that the mother was told she "was not welcome in [the grandmother's] home." The grandmother filed for custody of the children and, upon the mother's default, she was awarded sole legal and physical custody of the children in November 2015.

The mother then filed several petitions seeking to modify the November 2015 order and regain custody of the children. Family Court conducted a combined hearing, including a *Lincoln* hearing, on the petitions. Family Court thereafter found that extraordinary circumstances existed and that the best interests of the children would be furthered by granting the mother and grandmother joint legal custody of the children, with physical placement to the grandmother and specified visitation to the mother. Family Court further directed the mother to complete an anger management program. The mother now appeals.

The attorneys for the children initially argue that this appeal was rendered moot by subsequent proceedings in Family Court, but we do not agree. One of those proceedings pertains to the mother's neglect of another child, and there is no indication that it has resulted in any actions being taken with regard to the children at issue here (*see Matter of Karen PP. v Clyde QQ.*, 197 AD2d 753, 754 [1993]). Other proceedings have resulted in the subject children being split up and placed in the care of two relatives rather than the grandmother. The

custody orders in those proceedings do not, however, "render moot the aspect of the mother's challenge to Family Court's finding of extraordinary circumstances . . . since such a finding 'may have enduring consequences' " (*Matter of Peters v Dugan*, 141 AD3d 751, 752 n [2016], quoting *Matter of Brown v Comer*, 136 AD3d 1173, 1174 [2016]). The temporary order relating to three of the subject children also fails to supercede the terms of the appealed-from order, leaving open the potential for, however remote, its revivification (*see Matter of Nathanael G. v Cezniea I.*, 151 AD3d 1226, 1226-1227 [2017]). As live issues therefore remain, we turn to the merits of this appeal.

A parent's claim to custody of his or her children is superior to that of all others absent a showing of "surrender, abandonment, persistent neglect, unfitness, an extended disruption of custody or 'other like extraordinary circumstances' " (*Matter of Donna SS. v Amy TT.*, 149 AD3d 1211, 1212 [2017], quoting *Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [1976]; *see Matter of Marcia ZZ. v April A.*, 151 AD3d 1303, 1304 [2017]). "Examples of behaviors that may, in the aggregate, rise to the level of extraordinary circumstances include allowing the children to live in squalor, failing to address serious substance abuse or mental health issues, instability in the parent's housing or employment situation, the questionable use of corporal punishment as a means of discipline and other similar behaviors that reflect the parent's 'overall pattern of placing [his or] her own interests and personal relationships ahead of [the] children' " (*Matter of Renee TT. v Britney UU.*, 133 AD3d 1101, 1103 [2015] [citation omitted], quoting *Matter of Darrow v Darrow*, 106 AD3d 1388, 1392 [2013]). The burden rests upon a nonparent to make the threshold showing of extraordinary circumstances, and the grandmother was obliged to do so in this case since "the [November 2015] order made no findings in that regard" (*Matter of Magana v Santos*, 70 AD3d 1208, 1209 [2010]).

The mother testified to being involved with a series of men who exposed the children to episodes of domestic violence and, moreover, she has been involved in a series of child protective proceedings that she obstructed on at least one occasion. The evidence at the hearing, as well as her "explosive[ ]" demeanor at it, also "raise[d] serious concerns regarding [her] temper" and her lack of insight into its effect upon the children (*Matter of Darrow v Darrow*, 106 AD3d at 1392; *see Matter of Cheryl YY. v Cynthia YY.*, 152 AD3d 829, 833 [2017]). She also repeatedly moved with the children and placed them in different schools, and Family Court credited proof that this was so harm-

ful to the children's progress that it "border[ed] on educational neglect." The mother further refused to engage in supervised visitation or have any substantial contact with the children after they entered the care of the grandmother and, at the time of the hearing, was only doing informal work and had no realistic plan for supporting or housing the children. "In short, based upon our review of the record as a whole, including the transcript[ ] of the underlying *Lincoln* hearing[ ], and according due deference to Family Court's credibility determinations, we are satisfied that Family Court's finding of extraordinary circumstances as to the grandmother is supported by a sound and substantial basis in the record" (*Matter of Darrow v Darrow*, 106 AD3d at 1392 [citation omitted]; *see Matter of Renee TT. v Britney UU.*, 133 AD3d at 1104-1105).

A sound and substantial basis in the record similarly supports Family Court's finding that an award of physical placement to the grandmother was in the children's best interests. The record reflects that, while the grandmother was not a paragon of parental virtue, the children had adjusted well to living with her and were benefitting from a stable educational situation. Thus, to the extent that the award of physical placement to the grandmother remains a live issue, we agree with Family Court that it was in the best interests of the children.

As a final matter, inasmuch as the attorneys for the children did not file a notice of appeal, their demands for affirmative relief beyond that sought by the mother are not properly before us (*see Matter of Cunningham v Talbot*, 152 AD3d 886, 887 [2017]; *Matter of Dibble v Valachovic*, 141 AD3d 774, 775 n [2016]).

Peters, P.J., Egan Jr., Mulvey and Pritzker, JJ., concur. Ordered that the order is affirmed, without costs.