Egan Jr., J.R (dissenting). We agree with the majority that, in a custody dispute between a parent and nonparent, the parent enjoys a superior right to custody of a child absent extraordinary circumstances and the burden rests on the nonparent to establish that such circumstances exist (see Matter of Bennett v Jeffreys, 40 NY2d 543, 544 [1976]; Matter of Durgala v Batrony, 154 AD3d 1115, 1117 [2017]). It is also true that Family Court did not engage in an extraordinary circumstances analysis, but that is quite understandable given that the nonparent was not actually seeking custody. Rather, Family Court was confronted with a very sad case—a 13-year-old child who was (1) the son of a father who came to court and testified that he had no desire to have custody of, or even visit with, him, (2) the son of a mother who had killed another son in 1996, had her parental rights with respect to four other children previously terminated, was found to have derivatively neglected still another child and lived in a house with her boyfriend and numerous dogs who were not housebroken and where loud arguments were frequent, and (3) the grandson of a grandmother who had raised him since birth, obtained joint legal and primary physical custody of him, later concluded that she could no longer care for him, unceremoniously delivered him to the mother and nevertheless opined at the hearing that he would be better off in foster care. Family Court observed the testimony and demeanor of the father, mother and grandmother, and held a Lincoln hearing during which the younger child, as the court correctly noted, gave coached answers. According due deference to Family Court’s credibility determinations and independently reviewing the evidence (see Matter of Curless v McLarney, 125 AD3d 1193, 1195-1197 [2015]), we find that a sound and substantial basis exists in the record to affirm Family Court’s dismissal of the petition. Family Court was clearly aware, as are we, that this determination results in the grandmother maintaining joint legal custody and primary physical custody of the younger child, but, in this difficult case, we believe it is the safest option available pending a more permanent solution. We therefore respectfully dissent. Aarons, J., concurs. Ordered that the order is reversed, on the law, without costs, and petition granted.