Matter of Philip UU. v Amanda UU. (2019 NY Slip Op 04793)





Matter of Philip UU. v Amanda UU.


2019 NY Slip Op 04793


Decided on June 13, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 13, 2019

525968

[*1]In the Matter of PHILIP UU. et al., Respondents,
v
AMANDA UU., Appellant, et al., Respondent.

Calendar Date: April 23, 2019

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Pritzker, JJ.


Donald J. O'Connor Jr., Binghamton, for appellant.
John A. Cirando, Syracuse, for respondents.
Palmer J. Pelella, Owego, attorney for the child.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from an order of the Family Court of Broome County (Young, J.), entered November 21, 2017, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the subject child.
Respondent Amanda UU. (hereinafter the mother) is the mother of a child (born in 2008) and petitioners (hereinafter collectively referred to as the grandparents) are the maternal grandparents. In September 2015, the grandparents petitioned for custody of the child alleging, among other things, that the mother suffers from extreme mental illness and neglected the child's education. Prior to this petition, the mother had sole physical custody of the child with visitation to the grandparents at least once a month. The day after the custody petition was filed, the grandparents appeared in court requesting temporary physical custody of the child so that they could enroll him in school. After Family Court (Miller, J.) was unable to telephonically reach the mother, it determined that extraordinary circumstances existed and granted temporary joint custody with primary residence of the child to the grandparents and visitation to the mother as agreed upon by the parties. The grandparents subsequently filed an amended petition alleging, among other things, that the mother did not have a stable place to live. Family Court (Young, J.) conducted a lengthy fact-finding hearing and a Lincoln hearing. The court thereafter found that extraordinary circumstances existed and that the best interests of the child would be served by awarding the grandparents sole legal and physical custody, with reasonable and liberal supervised visitation to the mother as the parties agree. The mother now appeals.
"A parent has a claim of custody to his or her child[] that is superior to all other persons, unless a nonparent establishes that there has been surrender, abandonment, persistent neglect, unfitness, an extended disruption of custody or other . . . extraordinary circumstances" [*2](Matter of William O. v Wanda A., 151 AD3d 1189, 1191 [2017], lv denied 30 NY3d 902 [2017] [internal quotation marks, brackets and citations omitted]; see Matter of Marcia ZZ. v April A., 151 AD3d 1303, 1304 [2017]). "Examples of behaviors that may, in the aggregate, rise to the level of extraordinary circumstances include allowing the child[] to live in squalor, failing to address . . . mental health issues, instability in the parent's housing or employment situation, the questionable use of corporal punishment as a means of discipline and other similar behaviors that reflect the parent's 'overall pattern of placing [his or] her own interests and personal relationships ahead of [the] child[]'" (Matter of Renee TT. v Britney UU., 133 AD3d 1101, 1103 [2015], quoting Matter of Darrow v Darrow, 106 AD3d 1388, 1392 [2013]). The nonparent bears the burden of establishing that extraordinary circumstances exist (see Matter of Durgala v Batrony, 154 AD3d 1115, 1117 [2017]; Matter of Ettari v Peart, 110 AD3d 1256, 1256-1257 [2013]), and, if met, the inquiry shifts to a best interests analysis (see Matter of Marcia ZZ. v April A., 151 AD3d at 1304; Matter of Yandon v Boisvert, 130 AD3d 1257, 1258 [2015]). Here, the mother's sole contention on appeal is that Family Court erred in finding extraordinary circumstances.
Family Court's finding of extraordinary circumstances was based upon evidence demonstrating that the mother suffered from untreated chronic mental illnesses, neglected the child educationally, failed to provide him with adequate housing, clothing and food, resided in unsanitary conditions, utilized corporal punishment and was largely unaware or in denial that these issues deleteriously impacted the child's well-being. The grandparents and the attorney for the child presented ample evidence regarding the mother's mental health issues, including testimony from petitioner Debra UU., the grandmother, that the mother had been diagnosed with, among other things, oppositional defiant disorder, attention deficit hyperactivity disorder, bipolar disorder, schizoaffective disorder, borderline personality disorder, rage disorder and intermittent explosive disorder. A medical document dated May 2014 was admitted into evidence that corroborated this testimony. Multiple witnesses testified that they had observed the mother acting mentally unstable, describing her behavior as irritable, unreasonable, aggressive and impulsive. Testimony also established that the mother moved constantly and would periodically go into hiding with the child because she believed that she was being stalked. Notably, the court explicitly found that the mother did not testify credibly in general and failed to rebut this proof.
Abundant evidence was also presented regarding the mother's educational neglect, unsanitary living conditions and improper discipline, all of which greatly impacted the child. Specifically, the child had never completed a school year without being withdrawn early and, even when the child was going to school, the mother either took him out early or failed to send him at all. The record also shows that the child was not enrolled in or going to be enrolled in school for the 2015-2016 school year until the grandparents were granted custody. Multiple witnesses also provided extensive testimony about the child's home environment with the mother, including that the mother resided in at least five different homes between 2010 and 2014. The child's great-grandmother testified regarding the unclean condition of the mother's homes and stated that the mother had no furniture, so she purchased, among other things, a bed for the child and a table, because the child was eating on the floor and sleeping on the floor or with his mother. The grandmother confirmed that the mother lived in apartments with the child that were in disarray, with garbage everywhere. Family Court also found that credible testimony was elicited concerning the use of corporal punishment and the child's impaired emotional and psychological state. Specifically, testimony of multiple witnesses established that, when the child first went to live with the grandparents, he was withdrawn, disobedient, unhappy and angry.
According due deference to Family Court's factual findings and credibility determinations, there was ample proof that the mother suffered from untreated chronic mental illnesses, educationally neglected the child and failed to provide a stable home, all of which negatively impacted the child, and, as such, a finding of extraordinary circumstances is supported by a sound and substantial basis in the record (see Matter of Durgala v Batrony, 154 AD3d at 1117-1119; Matter of Renee TT. v Britney UU., 133 AD3d at 1104-1105; Matter of Yandon v Boisvert, 130 AD3d at 1259). The mother's remaining contention that Family Court was biased and prejudiced against her is unpreserved as she never objected or moved for the court to recuse [*3]itself (see Matter of Biancoviso v Barona, 150 AD3d 990, 991 [2017]; Matter of Bowe v Bowe, 124 AD3d 645, 646 [2015]). In any event, this contention is belied by the record and, as such, lacks merit.
Garry, P.J., Egan Jr., Clark and Mulvey, JJ., concur.
ORDERED that the order is affirmed, without costs.