Matter of Shu Jiao Zhao v Wei Rong (2020 NY Slip Op 03013)





Matter of Shu Jiao Zhao v Wei Rong


2020 NY Slip Op 03013


Decided on May 27, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 27, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOHN M. LEVENTHAL
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-03196
2019-03197
 (Docket No. V-9609-17/18F)

[*1]In the Matter of Shu Jiao Zhao, appellant,
v
Wei Rong, respondent.


Richard Cardinale, Brooklyn, NY, for appellant, and appellant pro se.
Lewis S. Calderon, Jamaica, NY, for respondent.
Janet L. Brown, Jamaica, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Queens County (Marilyn J. Moriber, Ct. Atty. Ref.), dated March 25, 2019, and (2) an order of the same court dated March 26, 2019. The order dated March 25, 2019, after a hearing, granted the father's petition to modify a prior order of custody and parental access of the same court dated August 12, 2013, so as to award him sole legal and physical custody of the parties' child, and, in effect, denied the mother's petition to enforce the same order. The order dated March 26, 2019, granted the father's motion, made at the close of his case at the hearing, for a determination that he should be awarded sole legal and physical custody of the parties' child.
ORDERED that the appeal from the order dated March 26, 2019, is dismissed, without costs or disbursements, as no appeal lies as of right from a nondispositional order in a proceeding pursuant to Family Court Act article 6, and leave to appeal has not been granted (see Family Ct Act § 1112[a]); and it is further,
ORDERED that the order dated March 25, 2019, is affirmed, without costs or disbursements.
The parties are the parents of one child, born in 2005. By order dated August 12, 2013 (hereinafter the custody order), the parties were awarded joint legal custody of the child, with primary physical custody to the mother and parental access to the father. However, in March 2017, the child began living with the father following a breakdown in the relationship between the mother and the child. In May 2017, the father filed a petition seeking to modify the custody order so as to award him sole legal and physical custody of the child. In April 2018, the mother filed a petition seeking to enforce the custody order. After a hearing, the Family Court found that it was in the best interests of the child to remain with the father and that the father had established that a change of circumstances existed at the time of the filing of his petition in May 2017. By order dated March 25, 2019, the court granted the father's petition for sole legal and physical custody of the child and, in effect, denied the mother's petition. The mother appeals.
We agree with the Family Court's determination awarding sole legal and physical custody of the child to the father. The breakdown in the relationship between the mother and the child, which resulted in the child not wanting to live in the mother's home, constituted a change of circumstances warranting an inquiry into whether a modification of the custody order was necessary to ensure the child's best interests (see Matter of Richard GG. v M. Carolyn GG., 169 AD3d 1169; Matter of Gonzalez v Hunter, 137 AD3d 1339; Matter of Boggio v Boggio, 96 AD3d 834). The totality of the circumstances supports a finding that it was in the child's best interests to award sole legal and physical custody to the father (see Eschbach v Eschbach, 56 NY2d 167, 174; Matter of Bowe v Bowe, 124 AD3d 645).
" [F]indings of the Family Court which have a sound and substantial basis in the record are generally entitled to great deference on appeal because any custody determination depends to a great extent on the court's assessment of the credibility of the witnesses and the character, temperament, and sincerity of the parties'" (Matter of Newton v McFarlane, 174 AD3d 67, 79, quoting Matter of Agyapon v Zungia, 150 AD3d 1226, 1227; see Matter of Pritchard v Coelho, 177 AD3d 887, 888; Matter of Dolan v Masterton, 121 AD3d 979). Here, there is no basis in the record to disturb the Family Court's determination that the mother's testimony was not credible, and that it was in the best interests of the child to award the father sole legal and physical custody (see Matter of Pritchard v Coelho, 177 AD3d at 888; Matter of Dolan v Masterton, 121 AD3d at 980).
Furthermore, the child, who was 14 years old at the time of the hearing, expressed a wish to live with the father. Although her wish is not controlling, it is some indication of what is in her best interests, particularly where, as here, the child's age and maturity would make her input particularly meaningful (see Eschbach v Eschbach, 56 NY2d at 173; Matter of Newton v McFarlane, 174 AD3d at 83; Matter of Tofalli v Sarrett, 150 AD3d 1122).
The Family Court did nothing inappropriate when it encouraged the parties to discuss settlement options at a prehearing conference (see Matter of Roseman v Sierant, 142 AD3d 1323). Moreover, the record does not support the mother's contentions that the court was biased against her and had prejudged the merits of the case (see Matter of Hugee v Gadsden, 172 AD3d 863; Matter of Rosenkrans v Rosenkrans, 154 AD3d 1123, 1126 n 3; Matter of Roseman v Sierant, 142 AD3d at 1325; Matter of Davis v Pignataro, 97 AD3d 677; Murdock v Murdock, 183 AD2d 769).
The mother's contention that she was deprived of the effective assistance of counsel is without merit. Viewed in totality, the record reveals that she received meaningful representation (see Matter of Eltalkhawy v Eltalkhawy, 134 AD3d 707; Matter of Haughton v Tsang, 118 AD3d 883).
The mother's remaining contentions, raised in her main brief and pro se supplemental brief, are without merit.
CHAMBERS, J.P., LEVENTHAL, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court