Matter of Sevilla v Torres (2025 NY Slip Op 00777)

Matter of Sevilla v Torres

2025 NY Slip Op 00777

Decided on February 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

949 CAF 22-01962

[*1]IN THE MATTER OF ISHAUNA C. SEVILLA, PETITIONER-APPELLANT,
v
ROCHELLE TORRES, RESPONDENT-RESPONDENT. 

SCOTT T. GODKIN, WHITESBORO, FOR PETITIONER-APPELLANT.
PETER J. DIGIORGIO, JR., UTICA, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Oneida County (Julia Brouillette, J.), entered September 16, 2022, in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded respondent sole legal and physical custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner mother commenced this proceeding pursuant to Family Court Act article 6 seeking modification of a prior order that awarded joint custody of the subject child to her and respondent, the child's maternal grandmother, with primary placement of the child with the grandmother. In her modification petition, the mother seeks sole custody of the child. Following a hearing, Family Court determined that the grandmother established the existence of extraordinary circumstances based upon the domestic violence perpetuated against the mother by her husband, who was not the child's biological father, in the child's presence and, inter alia, granted the grandmother sole custody of the child. We affirm.
Initially, the mother contends that the court erred in summarily denying her motion for the assignment of new counsel. We reject that contention. It is well settled that "an indigent party's right to court-appointed counsel under the Family Court Act is not absolute" (Matter of Bracken v Bracken, 225 AD3d 1241, 1241 [4th Dept 2024], lv denied 42 NY3d 901 [2024] [internal quotation marks omitted]). "In order to have substitute counsel appointed, a party must establish that good cause for the release existed necessitating dismissal of assigned counsel" (id. [internal quotation marks omitted]). Contrary to the mother's contention, she "failed to show good cause for a substitution" (Matter of Carter H. [Seth H.], 191 AD3d 1359, 1361 [4th Dept 2021]). Rather, the mother's "statements regarding counsel were conclusory and reflected only a delaying tactic" (id.).
The mother contends that the court erred in finding that the grandmother established extraordinary circumstances. We reject that contention. It is well settled that, "as between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances" (Matter of Johnson v Wellington, 185 AD3d 1549, 1549 [4th Dept 2020] [internal quotation marks omitted]; see Matter of Suarez v Williams, 26 NY3d 440, 446 [2015]). "The extraordinary circumstances analysis must consider the cumulative effect of all issues present in a given case" (Matter of Tuttle v Worthington [appeal No. 2], 219 AD3d 1142, 1144 [4th Dept 2023] [internal quotation marks omitted]). "The nonparent has the burden of establishing that extraordinary circumstances exist even where, as here, the prior order granting custody of the child to [the] nonparent[ ] was made upon consent of the parties" (Matter of McNeil v Deering, 120 AD3d 1581, 1582 [4th Dept 2014], lv denied 24 NY3d 911 [2014] [internal quotation marks omitted]). Here, the grandmother established that the mother was a victim of domestic violence, that the [*2]child had been present during more than one incident between the mother and her husband, that the mother had a pattern of leaving the marital home after an incident and then returning a short time later, that the police had been called to the marital residence on multiple occasions, that the mother called the child a liar after he disclosed the extent of the abuse to the grandmother, and that he had been negatively impacted by the dynamics of the marital home (see generally Matter of Tennant v Philpot, 77 AD3d 1086, 1088 [3d Dept 2010]). The court's determination to credit the grandmother's testimony over the mother's in determining the existence of extraordinary circumstances is entitled to great deference, and we see no reason to disturb that credibility determination (see Johnson, 185 AD3d at 1549-1550; see also Matter of Miner v Torres, 179 AD3d 1490, 1491 [4th Dept 2020]).
In the alternative, the mother contends that the court erred in determining that it was in the child's best interests to deny her modification petition. We reject that contention. Where the grandparent has established the existence of extraordinary circumstances, "the court must make an award of custody based on the best interest of the child" (Suarez, 26 NY3d at 446; see Matter of Roseman v Sierant, 142 AD3d 1323, 1324 [4th Dept 2016]). Here, the record establishes that, since the child has been living with the grandmother, the mother has only sporadically visited the child, has not communicated with the grandmother about the child or his care, does not provide financial support for the child, and has not stayed informed about the child's health. The evidence also established that the grandmother has provided the child with a safe and stable home. In her testimony, the mother alternated blame for her failure to stay in contact with the child between the child himself and the grandmother, despite conceding that she was welcome at the grandmother's house at any time. The mother refuses to admit that she is a victim of domestic violence, and called the child a liar when the child disclosed the domestic violence to the grandmother. The court's determination that it is in the child's best interests to grant the grandmother sole custody is supported by a sound and substantial basis (see Johnson, 185 AD3d at 1550; Matter of Komenda v Dininny, 115 AD3d 1349, 1350 [4th Dept 2014]).
Entered: February 7, 2025
Ann Dillon Flynn
Clerk of the Court