Matter of Moses v McFarland

2026 NY Slip Op 02744

May 1, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF TRACY L. MOSES, PETITIONER-RESPONDENT,

v

INDIA S. MCFARLAND, RESPONDENT-APPELLANT, AND RODNEY A. RICHARDS, RESPONDENT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on May 1, 2026

164 CAF 25-00482

Present: Bannister, J.P., Montour, Greenwood, Nowak, And Hannah, JJ.

CAITLIN M. CONNELLY, BUFFALO, FOR RESPONDENT-APPELLANT.

ALISON BATES, VICTOR, ATTORNEY FOR THE CHILD.

Appeal from an order of the Family Court, Monroe County (Alecia J. Mazzo, J.), entered September 26, 2023, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded petitioner sole custody and primary residence with respect to the subject child.

[*1]

It is hereby ORDERED that said appeal is unanimously dismissed except insofar as respondent-appellant challenges the finding of extraordinary circumstances and the order is affirmed without costs.

Memorandum: On appeal from an order that, inter alia, awarded petitioner, a nonrelative, sole custody and primary residence of the child who is the subject of this proceeding, respondent mother contends that petitioner failed to establish that extraordinary circumstances existed and that it was in the child's best interests for the mother to have sole custody. The Attorney for the Child, however, submitted new information to this Court before oral argument of the appeal indicating that the child no longer resides with petitioner. After oral argument of this appeal, an order was entered upon agreement of the mother and a maternal aunt of the child of joint custody and shared residency of the child. The order on consent "renders moot the [mother's] challenge to [Family C]ourt's finding regarding the child's best interests . . . , but not [her] challenge to the court's finding of extraordinary circumstances" (Matter of Gorski v Phalen, 187 AD3d 1670, 1671 [4th Dept 2020]; see Matter of Turner v Estate of Turner, 223 AD3d 744, 745 [2d Dept 2024]; Matter of Durgala v Batrony, 154 AD3d 1115, 1116-1117 [3d Dept 2017]). We therefore dismiss the appeal except insofar as the mother challenges the finding of extraordinary circumstances (see Gorski, 187 AD3d at 1671). For the reasons stated in the decision at Family Court, we conclude that petitioner established that extraordinary circumstances existed in this case.

Entered: May 1, 2026

Ann Dillon Flynn

Clerk of the Court